{No. 2720.　Decided February 23, 1898.}

# THE STATE OF WASHINGTON, *Respondent*, v. NEWTON HUNTER, *Appellant*.

RAPE — EVIDENCE — DEPOSITIONS — VIEW OF PREMISES — INTENT TO COMMIT RAPE — CONSENT — INSTRUCTIONS — NEW TRIAL — MISCONDUCT OF JURY — SURPRISE — NEWLY-DISCOVERED EVIDENCE.

In a prosecution for assault with intent to commit rape upon a female child under the age of twelve years, the mother of the prosecutrix may properly testify to the condition of the child's clothing, and as to what she found upon it, shortly after the alleged assault.

In such a case, the testimony of the mother as to complaints made by the prosecutrix to her immediately or within an hour after the commission of the alleged injury is admissible, though such evidence should be restricted to the mere fact of complaint, without admitting any of the particulars of the complaint in evidence.

The admission in evidence of a plan of the scene of an alleged crime, which does not purport to accurately describe the premises, is not error when it is received only for the purpose of enabling a witness to illustrate his testimony, and the court by a special instruction limits the jury's consideration of it to that purpose alone.

The admission in evidence, over objection, of the testimony of a witness whose name is incorrectly indorsed on the information is not error, when no application is made by the defendant for continuance on the ground that the name of the witness does not appear upon the information.

The refusal of the court to direct a view of the premises by the jury is not error, when there is no showing of an abuse of the discretion given the trial judge in such matters by the provisions of Code Proc., § 1312 (Bal. Code, § 6948).

The testimony of witnesses that they had heard a person, who at the time of trial was absent from the state, say that he had made certain footprints found near the scene of an assault, and which the state were attempting to prove were made by the accused, is inadmissible as hearsay.

The consent of the female does not constitute a defense upon a charge of assault with intent to rape a female child under the age of consent.

Where there was no evidence, in a prosecution for assault with intent to commit rape, upon the question of the consent of the prosecutrix, a charge to the jury that the alleged assault must have been committed without the consent of the prosecutrix, was properly refused.

The denial of a new trial on the ground that a member of the jury had conversed with a third person contrary to the instructions of the court was not error, though the charge was supported by affidavit, when there were affidavits to the contrary from bailiff and jurors, and when there was no showing as to the subject of the conversation.

In a criminal trial, the deposition of a sick and absent witness is inadmissible in evidence.

The defendant in a criminal case is not entitled to a new trial on the ground of surprise, owing to the introduction in evidence by the state of a shirt as belonging to him, and whose ownership he denied, when such shirt had been produced by the prosecution upon his preliminary examination before a magistrate.

Where several witnesses had testified that a certain shirt did not belong to the defendant, but to another person, newly discovered testimony that the mother and sister of the latter person would testify that they made the shirt for him is merely cumulative, and insufficient ground for the awarding of a new trial.

Appeal from Superior Court, King County.—Hon. CHARLES H. AYER, Judge. Affirmed.

*John F. Dore, Daniel T. Cross,* and *John B. Wright,* for appellant.

*James F. McElroy,* Prosecuting Attorney, and *John B. Hart,* for The State.

The opinion of the court was delivered by

GORDON, J.—The information upon which the appellant was convicted is as follows (omitting formal parts):

"He, the said Newton Hunter, in the county of King, state of Washington, on the 22d day of February, A. D. 1897, in and upon one Kate Simey, a female child under the age of twelve years, to-wit, of the age of eight years, an

assault did make with the intent then and there to commit
the crime of rape in and upon the said Kate Simey, and
did then and there beat, bruise, wound and ill-treat the said
Kate Simey with the intent then and there her, the said
Kate Simey, by force and violence and against her will,
.unlawfully and feloniously to ravish, carnally know and
abuse."

From the judgment of conviction and the order denying
a new trial he has appealed. Error is predicated upon vari-
ous rulings occurring at the trial. We think it was not er-
ror for the court to permit the mother of the prosecutrix,
who was a witness, to describe the condition of the clothing
of the child, nor to state what she found upon it. It was
descriptive merely. Nor was it error to permit the mother
to testify that the prosecutrix made complaint to her im-
mediately, or at least within an hour, after the assault was
committed. The authorities bearing upon this question are
numerous and very conflicting. All or nearly all of them
hold that it may be shown that the prosecutrix made com-
plaint immediately or soon after the alleged injury was
committed. In addition to this, numerous cases hold that
the particulars of the complaint may be shown. *State v.
DeWolf,* 8 Conn. 93 (20 Am. Dec. 90); *Burt v. State,*
23 Ohio St. 394; *Johnson v. State,* 17 Ohio, 593; *Ben-
stine v. State,* 2 Lea, 175 (31 Am. Rep. 593); *Phillips
v. State,* 9 Humph. 246 (49 Am. Dec. 709); *State v.
Murphy,* 16 R. I. 528 (17 Atl. 998); *State v. Fitzsim-
on,* 18 R. I. 236 (27 Atl. 446, 49 Am. St. Rep. 766).
After a pretty thorough examination of the cases we think
the better rule is to restrict the evidence to the fact of com-
plaint, and that anything beyond that is hearsay of the
most dangerous character. 2 Bishop, Criminal Procedure,
§ 963; Wharton's Criminal Law, § 566; *Baccio v. Peo-
ple,* 41 N. Y. 265; *Scott v. State,* 48 Ala. 420; *Pleasant
v. State,* 15 Ark. 624; *People v. Graham,* 21 Cal. 261;

*Thompson v. State*, 38 Ind. 39; *State v. Richards*, 33
Iowa, 420; *State v. Gruso*, 28 La. An. 952; *State
v. Shettleworth*, 18 Minn. 209; *State v. Jones*,
61 Mo. 232; 1 Roscoe, Criminal Evidence (8th
ed.), p. 45; 19 Am. & Eng. Enc. Law, p. 959.
But we do not think that the evidence complained of was
received in violation of this rule, and under the circum-
stances it was not error to receive it. The next exception
relates to the reception in evidence of a plat or plan of
the scene of the alleged assault. This plan was prepared by
the witness Lane, and did not purport to accurately de-
scribe the premises. An examination of the record, how-
ever, shows that it was received for the sole purpose of
enabling the witness to illustrate his testimony, and by a
special instruction the court correctly directed the atten-
tion of the jury to it, and stated the purpose for which they
were permitted to consider it. Assignments Nos. 4, 5, 6
and 8 do not, in our opinion, warrant special mention. We
think they are without merit.

Indorsed upon the information as a witness for the state
was the name of Eugene Sayer. At the trial the witness
stated that his name was Eugene Sears. Appellant ob-
jected to his testifying on the ground that his name was not
indorsed upon the information. The court overruled the
objection. Appellant concedes that had the prosecutor, on
ascertaining his mistake, applied to the court to rectify it,
he might have had leave of court to indorse the correct
name of the witness, and that, had such course been pur-
sued, appellant would have had no ground for exception.
We are unable to perceive how the appellant was preju-
diced by the course that was pursued. No application was
made for continuance, and we think the court did not err
in overruling the objection.

At different stages of the trial and also at the close of the

evidence appellant requested the court to have the jury view the scene of the crime. It appears that counsel for the appellant expressed the opinion that it would be error for the jury to go without the court and defendant and counsel on both sides, "because it would be a part of the trial." It also appears that the court, after considering the distance and length of time that such an examination would consume, denied the request. This was a matter within the discretion of the trial judge (section 1312, 2 Hill, Bal. Code, § 6948), and we cannot say from the record that the discretion was abused.

The state introduced evidence to show the character of foot prints found near the scene of the assault shortly after it was committed, and the appellant offered to show by certain witnesses that they had heard one Fred Sears, who was at the time of the trial absent from the state, say that the foot-prints referred to were made by him (Sears). We think that the testimony was properly excluded. It was clearly hearsay.

The following instruction was requested by the appellant and the refusal of the court to give it constitutes the twelfth assignment of error:

"The court instructs you that in order to find defendant guilty of the offense charged in this information, that the alleged assault with intent to commit rape must have been committed without the consent of Kate Simey, the party injured."

The case of *Whitcher v. State*, 2 Wash. 286 (26 Pac. 268), is cited by appellant in support of the instruction as asked. It is not clear that the rule contended for by the appellant received the sanction of a majority of the court in that case. It was agreed to by two of the judges. Of the other members of the court, two concurred specially in the judgment of reversal on the ground that the informa-

tion in the case did not charge a crime, and the remaining member concurred in holding the information sufficient, but did not concur in the disposition made of the case, and expressly dissented from the view advanced in the principal opinion that the consent of the female constituted a defense to the felonious assault. We now think that the view expressed in the dissenting opinion of Judge DUNBAR in that case better accords with the spirit of the law, with reason, and the authorities bearing on the question.

Since the decision in *Whitcher v. State* was reached, we have held the act of 1886, p. 84, which attempted to amend the prior law (§ 28, Penal Code), by substituting the word " sixteen " for the word " twelve," void. *State v. Halbert*, 14 Wash. 306 (44 Pac. 538); *State v. Dillon*, 14 Wash. 703 (46 Pac. 1119). And the present law on the subject fixes the age of consent at eighteen years (Laws 1897, p. 19, Bal. Code, § 7062). However, the principle underlying the question now under discussion is unaffected by these changes. All of the authorities agree that force and want of consent are conclusively presumed where carnal knowledge is had of a female under the age of consent. But a distinction is made in some of the cases—in so far as relates to the consent or non-consent of the female— between *an assault with intent* to carnally know a female child and *carnal knowledge* of such child. There are a few, and only a few American, cases which hold that the statute which makes the child's consent *immaterial* in defense of the substantive crime *does not* extend to the assault, upon the common law theory that violence consented to does not constitute an assault. *Smith v. State*, 12 Ohio St. 466 (80 Am. Dec. 355); *State v. Pickett*, 11 Nev. 255 (21 Am. Rep. 754); Bishop, Statutory Crimes (2d ed.), § 496.

We do not think that there is, in principle, any sound basis for the distinction. The offense of carnally knowing

a female child under the age of twelve years necessarily includes the less offense of assault with intent. The complete offense is merely an aggravation of the felonious assault and the child's legal inability to consent to the sexual act also extends to and includes any attempt to commit it—in other words, she lacks capacity to consent to the force which, in the absence of consent, would constitute an assault. That her consent does not waive the assault is upheld by far the greater number of American cases. *Oliver v. State,* 45 N. J. Law, 46; *Commonwealth v. Roosnell,* 143 Mass. 32 (8 N. E. 747); *Hays v. People,* 1 Hill, 351; *State v. Johnston,* 76 N. C. 209; *McComas v. State,* 11 Mo. 117; *Singer v. People,* 13 Hun, 418; *State v. Dancy,* 83 N. C. 608; *Brown v. State,* 6 Baxt. 422; *People v. McDonald,* 9 Mich. 150; *Fizell v. State,* 25 Wis. 364; *Murphy v. State,* 120 Ind. 115 (22 N. E. 106), overruling *Stephens v. State,* 107 Ind. 185 (8 N. E. 94).

As is well said in *Commonwealth v. Roosnell, supra,* " to speak of an assault upon her *without her consent,* with intent to carnally know and abuse her *with her consent,* seems to involve a contradiction in terms." We conclude therefore that the court did not err in refusing the instruction. In addition to what has been said, the instruction was properly refused because there was no evidence upon which it could be predicated. The evidence bearing upon the question of the assault was all one way, the *corpus delicti* was fully established by evidence that was not questioned or contradicted, the efforts of the appellant being directed to the other proposition involved in the charge, viz.: the identity of the appellant. There being no evidence upon which to base such an instruction, a refusal to give it would not constitute reversible error.

Lastly, it is contended that the court erred in denying

appellant's motion for a new trial. The motion was based
upon all of the statutory grounds. It is first urged that the
jury was guilty of misconduct, and affidavits have been
filed for the purpose of showing that during the course of
the trial one of the jurors held a conversation with a third
person—not a member of the jury or an officer having them
in charge—upon what subject the affidavit does not dis-
close. Opposed to these were the affidavits of the bailiffs,
who had charge of the jury during the entire course of the
trial, and of the jurors themselves, tending to show that
no such conversation was held or occurred and that in all
respects the instructions of the court were observed, so that
we think no misconduct was shown. At the trial the state
introduced in evidence a shirt which it claimed was worn
by the defendant at the time of his arrest, and was so iden-
tified by the officer who made the arrest. The defendant
produced three witnesses—fellow prisoners with the de-
fendant—who testified that the shirt was not the property
of the defendant, but belonged to one Donaldson, who was
also in the county jail. The defense also caused a sub-
poena to be issued for Mrs. Donaldson, the mother of the
prisoner Donaldson, but it appears that she was unable to
attend at the trial, on account of illness. Thereupon appel-
lant's counsel asked that a commission issue for taking her
testimony. This was denied by the court, and we think
rightfully, following our decision in *State v. Humason*, 5
Wash. 499 (32 Pac. 111). Counsel further contends that
appellant had no knowledge that the state would claim that
the shirt in question was the property of the appellant un-
til the trial was in progress—that its introduction in evi-
dence constituted surprise in law which ordinary prudence
could not have guarded against and in support of the mo-
tion for a new trial they offered the affidavits of Mrs. Don-
aldson and her daughter showing that the garment in ques-

tion was made by Mrs. Donaldson, and identified by her as such. But it appears from counter-affidavits, which were also before the lower court at the time the motion for a new trial was under consideration, that the appellant had had a preliminary examination before a committing magistrate, and that in the course thereof the identical garment had been received in evidence, which constituted notice to him that the state would, on the trial, claim that it was the property of the appellant. We think that the appellant and his counsel must have been aware of the fact that the garment would be introduced in evidence at the trial, and that therefore its introduction did not constitute " surprise in law," and we further think that even if the evidence of Mrs. Donaldson and her daughter be regarded as " newly discovered," it would be purely cumulative, and would constitute no sufficient ground for awarding a new trial. The last ground of the motion for a new trial was that the verdict is contrary to the evidence, and it is strenuously urged in this court that the evidence does not support the verdict. The details need not be repeated here. We have given the evidence very careful and painstaking consideration, and as a result we think that there was legal and competent evidence in support of every material ingredient necessary to constitute the crime charged, and that the verdict of the jury cannot be disturbed.

The judgment is affirmed.

SCOTT, C. J., and DUNBAR, ANDERS and REAVIS, JJ., concur.