## N. C. BOUIE v. STATE.

No. A-1508.   Opinion Filed May 7, 1913.

(131 Pac. 953.)

1.   **RAPE—Assault to Commit—Sufficiency of Evidence.** In a prosecution for assault with intent to commit rape upon a female child under the age of consent, the evidence is held to support the verdict and that no reversible error was committed on the trial.

2.   **SAME—Defense.** Since, by statute, a female child under the age of consent is legally incapable of consenting to carnal knowledge of her person, she is incapable of consenting to an assault upon her with intent to commit rape, and every act done in furtherance of a purpose and intent to know her carnally is unlawful and felonious; and, if such acts would constitute an assault if done without her consent, then no act of hers can waive the assault.

3.   **SAME—Assault to Commit Rape—Res Gestae—Complaint Made.** Where it appears, in a prosecution for assault to commit rape upon a child of tender years, that immediately after the alleged assault she was crying and met an older sister and then and there made complaint, not only the fact that such complaint was made, but the complaint as made, is admissible as part of the res gestae.

4.   **TRIAL—Argument of Counsel.** The prosecuting attorney has the right and privilege in his argument to the jury to refer to the evidence and state his deduction therefrom and urge upon the jury the truth or falsity of any testimony given in the case.

5.   **APPEAL—Argument of Counsel—Presentation for Review.** Misstatements of the prosecuting attorney in his address to the jury cannot be reviewed on appeal, where the only evidence thereof contained in the record is recitals in the motion for new trial.

6.   **APPEAL—Refusal of Change of Venue.** Since Comp. Laws 1909, sec. 6766 (Rev. Laws, 5811), leaves an application for a change of venue to the sound discretion of the trial court, a refusal to grant

such change will not be disturbed on appeal in the absence of an abuse of discretion to defendant's prejudice.

(Syllabus by the Court.)

*Appeal from District Court, Garvin County;*
*R. McMillan, Judge.*

N. C. Bouie was convicted of assault with intent to commit rape, and he appeals. Affirmed.

*Thompson & Patterson* and *Carr & Field,* for plaintiff in error.

*Chas. West,* Atty. Gen., *Smith C. Matson,* Asst. Atty Gen., and *J. S. Estes,* for the State.

DOYLE, J. The plaintiff in error was tried upon an information for assault with intent to commit rape. He was found guilty and in accordance with the verdict of the jury was sentenced to imprisonment in the penitentiary for a term of four years and six months. The judgment and sentence was entered on the 3d day of June, 1911.

The noticeable assignments of error are confined to three points.

The first concerns the refusal of the court to grant a change of venue. Our Code leaves such an application to the sound discretion of the trial court (section 6766, Comp. Laws 1909, Rev. Laws, 5719), and unless it appears that such discretion was abused to the prejudice of the defendant this court cannot interfere. *Edwards v. State, ante,* 131 Pac. 956, and cases therein collated. The record shows some seventeen affidavits in support of the application and about forty-five counter affidavits. Upon this showing the court overruled the application. The record shows that the defendant was given an opportunity to make a further showing in the matter after the court's ruling by examining a number of witnesses on behalf of the defendant, and then the application was again overruled. There is nothing to indicate that the court abused its discretion in the matter or acted arbitrarily.

The second ground upon which error is assigned is that the evidence is not sufficient to support the conviction and that the court erred in refusing to grant the motion to direct a verdict of not guilty.

The facts of the case, as we gather from the evidence, are as follows: . The defendant lives on a farm within a mile of Stratford. On Saturday, November 12, 1910, the defendant took several children from Stratford in his wagon to a pecan grove on his farm to pick pecans, under an arrangement whereby he was to give the children one-half of the pecans they picked. A short time after they arrived at the place, the prosecutrix, Iola McCurdy, nine years old, went with the defendant to the house 200 or 300 yards distant for water. She returned with some water in a cottolene bucket and was crying. Her testimony as to what transpired is in the words as follows:

"I stopped to pick the cockleburs out of my clothes. He said he would help me, and he helped me to pick them out. He unbuttoned my bloomers and laid me down. He unbuttoned his clothes, and he got on top of me and laid down on me. He took his—I don't know. He put it on me, and said, 'Did you have anybody do this to you before?' and I said, 'No, sir.' I had to button my own clothes and he buttoned his. There was matter on my leg."

That they then went to the pump, and he told her to return with the water the way she came. She was then asked, "Who was the first one who spoke to you?" and answered, "My sister Ruby." "Q. Did you tell Ruby? A. Yes, sir; I told her." That she said she wanted to go home, and the defendant came, and they all got into the wagon, and he took them home. And she told her mamma what the defendant had done to her.

Ruby McCurdy testified that she was 12 years old; that when her sister Iola had been gone about 30 minutes she became uneasy and went to the fence and called her; that she answered and returned crying, and "she told me what Mr. Bouie had done to her."

The testimony of several of the children tends to show that

while going home after the alleged assault the prosecutrix cried continuously.

Frank Farris testified, as undersheriff, he went on the second day after with the two McCurdy girls and three or four other persons to the place; that it was in the bed of a creek with banks six or seven feet high, and there was an impression in the sand.

J. R. Gillman testified that he was with the party and saw the impression in the sand in the bed of the creek; "that there was footprints, one very small and a large one, along there."

W. U. Goodwin testified he was with the party. His testimony is substantially the same as that of the others.

Mrs. McCurdy testified that the girls came home about 11 o'clock, and Iola was crying and told her what she was crying about.

The defendant testified on his own behalf "that Mr. McCurdy's little girl said she wanted a drink and would go with me and take back a bucket for the other children. She went with me to the well, and I got her the water, and I went to the house, and when I returned to where they were picking pecans she was crying. I asked the child if any of them whipped her, and she said no, that she wanted to go back home, that she was hungry, and I took the children home." He denied having mistreated her in any way.

Counsel in their brief say:

"If the little girl had only cried out and frightened him away; if she had only kicked him with her feet, or slapped him in the face, or scared him or cried for help, or have prevented him from attempting to enter her in any manner—that it would then be an assault with intent to rape. But in the absence of any proof of this character, the case does not come within the definition of an assault with intent to rape, and that if the court will closely read the evidence, we think that it will bear out our contention that the state has wholly failed to show that there was any attempt at penetration of the person of Iola McCurdy. Granting all that she may have

said to the jury to be true, there can be no conviction for attempted rape in this matter. We call attention further to the fact that under the law, in order to convict, the jury must be satisfied that an attempt was made to have sexual intercourse by force or fraud."

Counsel's contention is not tenable, and is without support in reason, law, or authority. The fact that the defendant was deterred from the consummation of his diabolical purpose and intent by reason of the youth and immaturity of his victim, and that she by reason of her youth, want of understanding, or trusting innocence, did not protest or resist, is no defense to the crime charged.

"Carnal knowledge of a female child under 16 years of age is rape under our statute, with or without the use of force, no matter what may be the circumstances, and the question of consent is wholly immaterial; whether the prosecutrix submitted to the acts of the defendant in ignorance of his criminal intent, or whether she exercised a positive will, and consented or submitted to what the defendant did with full knowledge that his purpose and intent was to have carnal connection with her, is immaterial. The prosecutrix being under the age of consent was conclusively incapable of legally consenting to an assault with intent to have carnal knowledge of her. Every attempt to commit a felony against the person involves an assault; and if the acts of the defendant, done in furtherance of a purpose to have carnal knowledge of the prosecutrix, constituted an assault to commit rape, if done without her consent, then no act of hers could waive such assault." *Lee v. State,* 7 Okla. Cr. 141, 122 Pac. 111, and cases cited, holding that there may be an assault with intent to commit rape upon a consenting female where she is under the age of consent. )

Upon the record before us there can be no doubt but that the verdict of the jury is amply supported, if the jury believed the evidence given on the part of the state. That the jury did believe this evidence is clearly established by the fact that they found the defendant guilty of the crime charged.

The remaining cause urged for a new trial is alleged misconduct of the county attorney in his closing argument to the jury.

Several statements are set forth in the motion for a new trial that are not shown by the record. Recitals in a motion for new trial are not evidence of misconduct and cannot be reviewed on appeal unless properly incorporated in the record.

The record does show the following statements made by the county attorney in his closing argument:

"Turn this man loose if you wish and put your stamp of approval upon his lecherous conduct, and let him go and rob the cradle and ruin other homes."

That the county attorney stated to the jury that Ruby McCurdy, the sister of the prosecuting witness, had testified that Iola McCurdy had told her when she came up with the bucket of water what the defendant had done to her, and also stated to the jury that the mother had testified that the little girl told her when she came home what had been done to her. To which argument and statements of the county attorney the defendant's counsel then and there objected and requested the court to instruct the jury to disregard them, which objections were overruled and requests denied.

The first statement complained of may be somewhat objectionable, but was probably provoked by the argument of the defendant's counsel, and was made in reply to their demands to the jury for acquittal. It is clear that it was not such an impropriety as would be sufficient to set aside a verdict which on the evidence was just and proper.

The objections to the remaining statements are without merit. The prosecutrix was asked if she told her sister and her mother about the offense charged, and she replied that she did. The court refused to allow her or them to state what she said to them. This was error in favor of the defendant, as the complaints so made were admissible as a part of the *res gestae*.

"It is admissible to show by the testimony of the prosecutrix or other witnesses, in corroboration of her testimony, that complaint was made shortly after the commission of the alleged offense, and when, where, and to whom it was made,

but by the weight of authority the evidence must be confined to the bare fact that complaint was made; the details or particulars of the complaint not being admissible as substantive testimony unless the statements are part of the *res gestae.*" (33 Cyc. 1463, and cases cited.)

Where the complaint is made immediately after the occurrence, it constitutes a part of the *res gestae;* and, where the party assaulted is of tender years, it would seem that not only the fact that complaint was made, but the particulars of the complaint as made, should be admitted. The county attorney's argument in this respect was a proper discussion of the evidence, and it is evident to us that he was careful in confining his argument to the fact that complaint was made.

The instructions likewise were more favorable to the defendant than the testimony warranted.

It is apparent that justice has been done, and the conviction ought not to be set aside except for some prejudicial error in the proceedings.

We have been unable to find any such error in this case. The judgment of the district court of Garvin county is therefore affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.