[No. 14152.   Department One.   August 13, 1917.]

THE STATE OF WASHINGTON, *Respondent*, v.
ARTHUR ALDRICK, *Appellant*.[1]

RAPE—EVIDENCE—COMPLAINT — ADMISSIBILITY.   In a prosecution for rape, while the fact of complaints made is admissible, it is error to allow the person to whom the complaints were made to give the details and particulars of the complaint as related to him, since the same would be hearsay.

SAME—EVIDENCE—COMPLAINTS—RES GESTAE.   In a prosecution for rape, details and particulars of a complaint made, narrating the occurrences of the previous evening, are not admissible as part of the *res gestae*, as it was not the utterance of instinctive words.

CRIMINAL LAW—APPEAL—HARMLESS ERROR.   When there was a conflict in the testimony and a question for the jury, the reversal of a conviction cannot be denied for error in admitting illegal evidence upon the vital issue in the case, merely because guilt was overwhelmingly established by other evidence.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered November 24, 1916, upon a trial and conviction of rape.   Reversed.

*Robertson & Miller*, for appellant.

*John B. White* and *Harry G. Kinzel*, for respondent.

[1]Reported in 166 Pac. 1130.

MAIN, J.—The defendant in this case was charged by information with the crime of rape, committed upon a female child under the age of fifteen years. The trial resulted in a verdict of guilty. From the judgment entered upon this verdict, the defendant appeals.

The facts, briefly stated, are these: The appellant, on the 23d day of July, 1916, was living at the home of the father of the prosecuting witness, and had been making his home there for a few months previous to that time. On the evening of the day mentioned, in the dining room of the home, at about the hour of 9:30 o'clock, the offense is claimed to have been committed. The father of the prosecuting witness was employed in a restaurant, and worked from seven o'clock in the evening until seven o'clock in the morning. An uncle of the prosecuting witness was in the house at the time in an upstairs room. Immediately after the occurrence, the appellant was arrested by two police officers, who had observed the commission of the offense through a window of the house, the dining room at the time being lighted. Two young men testified that, from a room in the adjoining house, they had observed a similar occurrence a few evenings previous. This being reported to the chief of police, the two officers mentioned were detailed upon the matter. The day following the commission of the crime, the appellant signed a written confession in the presence of two or three persons, who testified as witnesses. Upon the trial, the appellant repudiated the confession, in that he did not read it before signing, and did not know its contents.

Shortly after the occurrence, the uncle took the child to the restaurant where her father was at work, but no conversation took place between the child and the father at that time, the latter directing the uncle to take her home and saying that he would see her the next morning. The police officers, or one of them, previous to this visit, and the uncle at the time, informed the father what had taken place. On the following morning, at about 7:30 o'clock, the father re-

turned home and had a conversation with his daughter, in which she detailed to him the particulars of the offense and what the appellant had told her as an inducement. Upon the witness stand, the father, over objection, was permitted to detail what his daughter had told him on the morning following the occurrence, and this presents the principal question here for determination. The rule is well settled in this state that the fact that the ravished person made complaint after the occurrence may be shown in evidence, either by the testimony of the complaining witness or by the person to whom the complaint was made. This rule is recognized by the appellant, but it is claimed that it does not go so far as to permit the details or particulars of the complaint to be related. As to whether such details or particulars may be offered in evidence, the authorities generally are in conflict, but this court has adopted the view that, while the complaint may be shown, the details or particulars are subject to objection. In *State v. Hunter*, 18 Wash. 670, 52 Pac. 247, the two lines of authorities are referred to and considered, and the rule is there announced that the particulars of the complaint may not be shown. It is there said:

"After a pretty thorough examination of the cases we think the better rule is to restrict the evidence to the fact of complaint, and that anything beyond that is hearsay of the most dangerous character."

In *State v. Griffin*, 43 Wash. 591, 86 Pac. 951, the holding in that case is referred to with approval. It follows, therefore, that it was error for the trial court, in the case now under consideration, to permit the father to relate upon the witness stand the facts as his daughter had detailed them to him on the morning following the occurrence.

The state argues that this conversation between the father and the daughter was a part of the *res gestae*, and therefore admissible, but the rule permitting the fact of complaint to be shown is not based upon the theory that it is a part of the

*res gestae,* but upon the fact that it tends to confirm the testimony of the person ravished, as is pointed out in *State v. Griffin, supra.* The daughter, in her conversation with her father, narrated the occurrence of the previous evening. This was not the utterance of instinctive words. In 1 Wharton, Criminal Evidence (10th ed.), § 262, it is said:

"*Res gestae* are events speaking for themselves, through the instinctive words and acts of participants, but are not the words and acts of participants when narrating the events. What is said or done by participants under the immediate spur of a transaction becomes thus part of the transaction, because it is then the transaction that thus speaks. In such cases it is not necessary to examine as witnesses the persons who, as participators in the transaction, thus instinctively spoke or acted. What they did or said is *res gestae;* it is part of the transaction itself."

It is said, however, that, even though it was error to permit the father to detail what his daughter had told him, it was not prejudicial, because the evidence overwhelmingly established the appellant's guilt. Even though the other evidence offered was very conclusive as establishing the guilt of the accused, this would not justify a holding that illegal evidence upon the vital issue in the case was not prejudicial to him. The appellant, testifying in his own behalf, denied his guilt. The question of fact was for the jury. This is not one of those cases where it can be said that the error was only technical, or was not prejudicial to the rights of the accused. The evidence offered and received was not admissible under the previous declaration of this court in the *Hunter* case, *supra,* and the *Griffin* case which followed it. For this error, the case must be reversed.

The appellant makes three other assignments of error, all of which relate either to the ruling of the trial court in rejecting offered testimony or limiting the scope of the cross-examination of the state's witnesses. While these objections are argued briefly, we think they do not present questions for detailed discussion. In the rulings challenged by these

assignments, there is no reversible error. The one prejudicial error is that above indicated.

The judgment will be reversed, and the cause remanded for a new trial.

ELLIS, C. J., CHADWICK, and MORRIS, JJ., concur.