### ARTHUR WELCH v. STATE.

No. A-3950.   Opinion Filed Feb. 17, 1923.
(212 Pac. 449.)

(Syllabus.)

Rape—Repudiated Complaint by Prosecuting Witness to Third Person Insufficient to Establish Corpus Delicti. Where the prosecuting witness in assault with intent to commit rape denies in toto the alleged assault, the particulars of a complaint made by her to a third person, or persons, shortly after the alleged assault

was supposed to have been committed, and not part of the res gestae of the assault itself, do not amount to legal proof of the corpus delicti.

Appeal from District Court, Texas County; Arthur G. Sutton, Judge.

Arthur Welch was convicted of the crime of assault with intent to commit rape, and he appeals. Reversed.

John L. Gilson, for plaintiff in error.

The Attorney General and E. L. Fulton, Asst. Atty Gen., for the State.

MATSON, P. J. This is an appeal from the district court of Texas county wherein on the 20th day of November, 1920, Arthur Welch was convicted of the crime of assault with intent to commit rape and sentenced to serve a term of five years' imprisonment in the state reformatory at Granite.

The Attorney General has filed a confession of error which is as follows:

"Plaintiff in error was charged by information and convicted in the district court of Texas county of assault with intent to commit rape. The assault is alleged to have been made upon his sister, Tressie Welch. She was introduced as a witness on behalf of the state, but denied the assault in toto. The state then for conviction relied solely upon statements which, it is claimed, were made soon after the alleged assault. Plaintiff in error and his sister were working for Mr. and Mrs. Joe Trent at the time of the trouble. Mrs. Trent testified, over the objection of counsel for plaintiff in error, that at the time the sister came to work for her her mother told her not to let the brother and sister be together. This witness also testified that on the day of the alleged assault she and plaintiff in error were working in the field; that he claimed to be sick and went to the house for some medicine; that she doesn't know how long it was, but that it was in the neighborhood of half an hour, before she started back to the house and met

the sister of plaintiff in error with the young daughter of witness coming to the field; that witness asked the girl Tressie if her brother was sick, and she said, no, he wasn't sick; that witness thereupon told the girl Tressie what her mother had told her about her being with her brother, and thereupon, the witness stated, the girl said plaintiff in error had made an assault upon her. Later that evening the sheriff and a Mr. Smith, together with the county attorney talked with the girl Tressie, and the court permitted them to testify to the fact that she told them plaintiff in error had made the assault. We are convinced that this was prejudicial error.

"The authorities all seem to hold that a prosecutrix in cases of this kind may be permitted to testify that she did make complaint, but that the details of the complaint cannot be given in evidence unless they form part of the res gestae. This rule is laid down by this court in the case of Bouie v. State, 9 Okla. Cr. 345, 131 Pac. 955; and it is also the holding of all the authorities on this question. 33 Cyc. 1463. Under these authorities the testimony of Leeman and Smith, as to what plaintiff in error's sister told them the evening after the assault is alleged to have occurred, was clearly incompetent and, of course, prejudicial. It was also, in our opinion, prejudicial error to permit the witness Mrs. Trent to testify what the mother of plaintiff in error and the sister had told her. We also very seriously doubt if the statement which Mrs. Trent testified the girl made to her was part of the res gestae. It seems to us that this statement does not come within the rule laid down by this court in the case of Price v. State, 1 Okla. Cr. 358, 98 Pac. 447, which has been followed in all recent cases. Plaintiff in error denied in toto the charge made against him, so the only evidence upon which the verdict and judgment could be based was the alleged admissions made by the girl. We recommend therefore that the judgment of the trial court be reversed."

See, also, Huey v. State, 7 Ga. App. 398, 66 S. E. 1023.

An examination of the transcript of the evidence convinces this court that there was no competent legal evidence introduced by the state to prove the corpus delicti of the

crime, and for that reason the confession of error by the Attorney General is sustained and the judgment reversed, and the cause remanded to the district court of Texas county for further proceedings not inconsistent with this opinion.

DOYLE and BESSEY, JJ., concur.