[No. 20604. Department Two. July 21, 1927.]

The State of Washington, *Respondent*, v. M. R. Arnold, *Appellant.*[1]

[1] INDICTMENT AND INFORMATION (77)—DUPLICITY—OFFENSES OF SAME NATURE RELATIVE TO DIFFERENT PERSONS OR OBJECTS. Under an information charging in one count an assault with intent to commit rape, and in another count, forcible rape, a conviction with cumulative sentences on both counts is error; since, the jury should be instructed to first consider the consummated act, and if guilty of that, to go no further; in view of Rem. Comp. Stat., § 2264, providing that an act done with intent to commit a crime, tending but failing to accomplish it, is an attempt to commit the crime.

[2] RAPE (25)—EVIDENCE—COMPLAINTS AND DECLARATIONS OF FEMALE—ADMISSIBILITY. In a prosecution for forcible rape, the bare fact of voluntary complaint at the first opportunity is admissible; but it is error to allow details of the crime by the witnesses to whom complaint was made.

[3] CRIMINAL LAW (146)—EVIDENCE—PHOTOGRAPHS—ADMISSIBILITY. In a prosecution for rape, photographs showing marks upon the body of the complaining witness are admissible when shown to be accurate reproductions of what then existed.

[4] RAPE (35)—TRIAL—INSTRUCTIONS. In a prosecution for rape, instructions as to resistance being overcome by threats and fear should not be given unless there be evidence to warrant a finding thereof.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered December 11, 1926, upon a trial and conviction of rape. Reversed.

*Robertson & Paine,* for appellant.

*Chas. W. Greenough* and *Frank Funkhouser,* for respondent.

TOLMAN, J.—Appellant was charged, in one information by separate counts, with the crime of assault with intent to commit rape and with forcible rape. A jury

[1]Reported in 258 Pac. 20.

found him guilty on both counts, and the court by its judgment sentenced him to pay a fine of $1,000 and costs on the first charge and to five years imprisonment in the state penitentiary on the second charge, and "these two sentences to be cumulative and not concurrent." From this judgment, the defendant has appealed.

[1] It is urged that the trial court erred in denying a motion to withdraw the first count from the consideration of the jury, in denying a motion to require the state to elect upon which count it would go to the jury, in submitting to the jury both charges, and in pronouncing judgment upon the first count.

Both charges grow out of one act or transaction, and probably the two counts were in the information because the pleader was then uncertain whether or not the evidence would be such that a jury would find a consummated act or only an attempt which failed of consummation. But, even so, the attempt would be an included offense and, to say the least, there was no necessity for two separate charges. However that may be, and assuming for present purposes that the information was properly drawn, it seems to be self-evident that, if the jury was justified in finding that the facts constituted the consummated act, then there was no attempt within the meaning of the law.

"An act done with intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime." Rem. Comp. Stat., § 2264 [P. C. § 8699].

It therefore follows that, if the evidence was of such a nature as to require the court to submit both charges to the jury, he should have instructed them to first consider the charge of the consummated act; and if their verdict on that charge was guilty, they should go no further; but if they found the accused not guilty of

the consummated act, then they should consider the charge of an attempt to commit that act. It follows, of course, that the judgment and sentence on the first charge of an attempt was erroneous.

[2] The state's evidence shows that the alleged offense was committed in the nighttime, and that thereafter the complaining witness was taken home in an automobile by the accused, that she spent the remainder of the night in her room, that the next morning she made complaint to the housekeeper of the hotel where she lodged, and, after they were called, likewise made a complaint to a deputy sheriff and a police officer. Each of these persons was called as a witness by the state, and each was permitted to give the details of the affair as related by the complaining witness, and each identified the appellant as being the person then charged by the complaining witness with having committed the offense. The state seems to attempt to justify this testimony on the ground that the complaint was voluntarily made and that the details given by the prosecuting witness were part of the *res gestae.* The bare fact that complaint was made voluntarily and at the first opportunity is, of course, admissible in most jurisdictions. But that the details of the complaint may be given by the witnesses who heard it certainly offends against the well established rule in this state. *State v. Hunter,* 18 Wash. 670, 52 Pac. 247; *State v. Griffin,* 43 Wash. 591, 86 Pac. 951, 11 Ann. Cas. 95; *State v. Beaudin,* 76 Wash. 306, 136 Pac. 137; *State v. Aldrick,* 97 Wash. 593, 166 Pac. 1130.

The last cited case also disposes of the argument that the relation of the details was a part of the *res gestae,* and nothing need now be added.

[3] We see no error in the admission in evidence of the photographs showing the marks upon the body of the complaining witness. Perhaps the testimony

was not as clear as it might have been that they were accurate reproductions of what then existed, but there was sufficient in that direction to make them admissible.

[4]   A part of instruction numbered 3 is objected to because it contains an element not covered by the testimony. It is doubtful if the case would be reversed on this alone, but since there must be a reversal on other grounds and a re-trial had, it would be well on such re-trial to eliminate the language as to resistance being overcome by threats and fear induced thereby, unless there be evidence offered from which the jury might so find.

The judgment is reversed, and the cause remanded for a new trial.

MACKINTOSH, C. J., HOLCOMB, PARKER, and FRENCH, JJ., concur.