[No. 23261. *En Banc.* March 25, 1932.]

THE STATE OF WASHINGTON, *Respondent,* v. GEORGE SHERMAN, *Appellant.*[1]

*John C. Richards* and *Earl W. Husted,* for appellant.

*Charles R. Denney* and *Francis W. Mansfield,* for respondent.

TOLMAN, C. J.—Appellant was by a jury found guilty of the crime of carnal knowledge of a female child of the age of fourteen years, and from a judgment and sentence on the verdict he has appealed.

The assignments of error chiefly relied upon for a reversal have to do with the admission of testimony regarding the making of complaints to the police officers regarding the general situation; which situation is freely admitted.

It appears without any dispute that the appellant, a man seventy years of age at the time of the trial below, was the proprietor of a paint store in the city of Everett. He was a friend of some years standing of the parents of the prosecuting witness; and some months before the time charged, with the consent of

[1]Reported in 9 P. (2d) 363.

the parents, the girl began to assist him in his place of business in the daytime, returning to her home each night. Later, in June, when the school term ended, the girl spent all of her time, both day and night, upon the appellant's premises, also with the consent of her parents. The state contended that the girl was virtually a prisoner, kept under the surveillance of the appellant both day and night; and sought to convey to the jury the thought that this was done to prevent her from having opportunity to tell her parents or others of the illicit relations regarding which she testified fully. Of course, the appellant denied the illicit relations *in toto,* and while admitting that, during the time from June to September, when the girl went to her parents' home, he usually accompanied her, denied that he did so for the purpose of preventing her from talking to her parents, or that he exercised any restraint over her in that respect at all.

This setting will, we think, be sufficient to an understanding of the force and effect of the testimony of which complaint is made.

The first witness called by the state was a police officer assigned to the beat on which the appellant's store was located; and after he had testified in an introductory way, the following occurred:

"Q. Had any complaint come to you with reference to Mr. Sherman having a young girl in his place? Mr. RICHARDS: Objection, it is immaterial, irrelevant and incompetent. THE COURT: Overruled. A. Yes, I had several complaints, yes. Q. What did you do with reference to those complaints? A. Reported them at the station. Q. Police station? A. Yes. Q. Then what was done. A. I was detailed to investigate."

The next witness was the chief of police, and after he had introduced himself to the jury, he was asked:

"Q. Mr. Stewart, I will ask you to state whether or not complaints came into your department with ref-

erence to the defendant in this case having a young girl over there at his place on riverside? Mr. Richards: Objection, it is immaterial, irrelevant and incompetent. The Court: Overruled. Mr. Richards: Exception. A. Yes.''

The third witness for the state was a police woman, and after she had testified as to her occupation, there took place what follows:

''Q. I will ask you to state whether or not any complaints came to you of George Sherman, defendant in this case, and a young girl in his place of business, keeping her, over on riverside? Mr. Richards: Objection, it is immaterial, irrelevant and incompetent. The Court: Sustained. This question gets broader all the time. Q. If any complaints came to you with reference to a young girl being at defendant's place on or about or shortly prior to the 1st of September, 1930? A. There were complaints. Q. What did you do with reference to it? Mr. Richards: Objection, it is immaterial, irrelevant and incompetent. The Court: Yes, why don't you ask whether she made any investigation. Q. Did you make an investigation? A. I did.''

Appellant strenuously contends that this testimony of the officers as to complaints received by them was highly prejudicial, inflammatory in character, and purely hearsay, bringing to the attention of the jury what at best was no more than neighborhood gossip; and to support this contention, he cites *State v. Arnold,* 144 Wash. 367, 258 Pac. 20, and other like cases having to do only with the making of timely complaint by the victim of a rape. Those cases do not bear upon the present situation. We must look to other rules of law for guidance.

Of course, when a man of mature years closely associates himself with a young girl both day and night, with no other person present, he creates a situation which is likely to excite comment and complaint;

and when it does, he is placed in a position where he must either deny the fact of association or, admitting that fact, justify his conduct. Appellant made no slightest attempt to deny the fact of the close association with the girl. Had he done so, there might be some force in his present contentions. On the contrary, he testified fully and freely as to all of the details of the close association with the child, and that no other person occupied the premises or associated with them; and sought to show that his conduct toward her was at all times proper and such as might be expected from a father or a grandfather; but in this he failed to convince the jury.

The testimony complained of went only to facts which were fully and freely admitted. It was preliminary in its nature, and was offered, no doubt, as indicating a reason why the police undertook an investigation. But the police are not required to give reasons in all cases for making investigations; and it is better, in cases like this, that testimony from that source be confined to the material facts.

Had the situation been such that the appellant might or could have denied that the girl occupied the premises with him alone, both day and night, we might be able to see some reason for the claim of prejudice; but as the record stands, there would seem to be no reason to believe that complaints from unknown sources to the police department that Mr. Sherman had a young girl in his place, would have any greater effect upon the jury than Mr. Sherman's own freely given testimony fully admitting the fact. We reach this conclusion the more readily, since it appears that the trial court was alive to the appellant's interests and ruled out the only question which was in its nature suggestive of facts beyond those admitted.

The other assignments of error have all been considered, but none are well taken and none seem to warrant any separate discussion.

We find no prejudicial error, and the judgment is therefore affirmed.

All concur.