## COLUMBUS TAYLOR v. STATE.

No. A.-9149.    March 12, 1937.
(65 Pac. [2d] 1233.)

Speakman & Speakman, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the state.

DAVENPORT, P. J.  The plaintiff in error will hereafter be referred to as defendant.  The defendant was charged by information with first-degree rape; was tried, convicted, and sentenced to serve a term of 15 years in the state penitentiary, from which judgment and sentence he appeals.

The rape charged against the defendant is stated to have been committed on one Wanda Bales, a girl 13 years of age, who was the stepdaughter of the defendant.  The state called three witnesses.  The prosecuting witness, Wanda Bales, testified she had had intercourse at various times with the defendant, and that she was under 13 years of age.

Dr. D. W. Dickerson examined the prosecutrix and testified his examination disclosed that the prosecutrix had had intercourse with some one.

Mrs. Myrtle Hunter testified she knew the prosecutrix and the defendant; she had been the Sunday school teacher of the prosecutrix for some time. Over the objections of the attorney for the defendant, she was permitted to testify that some time before the defendant was arrested for this offense Wanda Bales came to her with the treatment of her by the defendant, and told her the defendant, Columbus Taylor, would not permit her to return to Sunday school for the reason of her wrongful acts of sexual intercourse with him. Mrs. Hunter was permitted by the court, over the objection of the defendant, to give in detail a conversation had with the prosecutrix, Wanda Bales.

The defendant, testifying in his own behalf, denied he had ever had intercourse with the prosecutrix, Wanda Bales, and offered some testimony to show that the charge against him was for the purpose of his wife getting a divorce. Some witnesses were called to show that the defendant was a hard working man, and had previously borne a good reputation in the community in which he lived.

On cross-examination of the character witnesses the state asked if they knew the defendant had been sent to Leavenworth, Kan., to the federal penitentiary for a term of two years on a charge of having used the mails to defraud, and answered they did not. The foregoing is the substance of the testimony.

The defendant has assigned five errors alleged to have been committed by the court in the trial of his case. The second assignment being:

"Error of the court in admitting the testimony of Mrs. Myrtle Hunter. Said testimony being purely hearsay, a self-serving declaration upon the part of Wanda Bales, and made out of the presence of the plaintiff in error, and being admitted to the jury over the objection and exceptions of the plaintiff in error."

This assignment is the only assignment argued in the brief of the defendant. It is urged by the defendant that the following testimony of Mrs. Myrtle Hunter, admitted over the objection of the defendant, was prejudicial to his rights.

"Q. I will ask you, Mrs. Hunter, if Wanda came to you and told you what had been going on between her stepfather and herself here a short time back. Did she come to you with her story, just answer yes or no. A. Yes. Q. She did. You have known Wanda real well, have you not. You have known the little girl intimately, have you not? A. Yes. Q. I believe she calls you 'Aunty Myrtle,' isn't that correct? A. Yes. Q. You are not related to her, are you? A. No, sir. Q. Will you just detail, please, to the jury the circumstances under which this little girl came to you and told you what she did? Mr. Shidler: To which the defendant objects on the ground that it is incompetent, irrelevant and immaterial. The Court: Overruled. Mr. Shidler: And out of the presence of the defendant and calling for hearsay testimony. The Court: I think you had better fix the time and place on that. With that condition the objection will be overruled. Mr. Shidler: Exceptions. Mr. Gilmer: Q. Where did this conversation take place? A. Must I tell it? The Court: Answer this question first. Q. Where did this conversation take place between you and Wanda? A. At my home. Q. About how long ago, just as near as you can remember, Mrs. Hunter? A. Well, I judge it has been about eight months ago. Q. Now will you tell the jury please, just what she said to you at that time? A. I said, 'Wanda, you have come back to West Tulsa; won't you come back to Sunday school?' She said, 'Aunty Myrtle, daddy won't

let me.' I said, 'Yes, he will.' She said, 'No, daddy won't let me go to Sunday school.' Mr. Shidler: Your honor, we object to that testimony and move that it be stricken, first, as not tending to prove or disprove any issue in this case or shed any light on the facts. The Court: Of course, this part of the conversation with her is not, but it is part of the entire conversation. It will be overruled. The objection will be overruled. Mr. Gilmer: Go right ahead please. A. She said, 'I have been a naughty girl.' She said 'I have been an awful naughty girl.' She said, 'Aunt Myrtle, if I go back to Sunday school, will God forgive me for what I have done?' I said, 'Yes, Wanda, if you go back to Sunday school and get down on your knees and pray to God, and ask God to forgive you for what you have done, and not do it any more, God will forgive you.' Q. Did she tell you what she had done that was wrong? A. She said—I said, 'Why Wanda, what did you do, honey?' She said, 'Daddy used me just like he did mother.' Q. And then what did you do, Mrs. Hunter? A. I went and told her mother."

In Bouie v. State, 9 Okla. Cr. 345, 131 Pac. 953, 955, this court in the body of the opinion said:

"It is admissible to show by the testimony of the prosecutrix or other witnesses, in corroboration of her testimony, that complaint was made shortly after the commission of the alleged offense, and when, where, and to whom it was made, but by the weight of authority the evidence must be confined to the bare fact that complaint was made; the details or particulars of the complaint not being admissible as substantive testimony unless the statements are part of the res gestae."

In Chastain v. State, 46 Okla. Cr. 123, 287 Pac. 826, this court in the first paragraph of the syllabus said:

"It is not possible to define the term res gestae by any exact definition which will fit all cases; the term, in a general way, may be defined as the circumstances, facts, and declarations that grow out of the main fact,

and shed light upon it, and tend to explain it, and made at a time so near, either prior or subsequent to the main act as to exclude the idea of deliberation or fabrication."

The testimony in this case is uncertain as to what time it is claimed by the state the prosecutrix told the witness Myrtle Hunter of the alleged sexual intercourse between the defendant and herself. As the testimony fails to show a definite date as to when this complaint was made, this court holds that the testimony presented by the state, by the witness Myrtle Hunter, is not a part of the res gestae.

In State v. Hunter, 18 Wash. 670, 52 P. 247, 248, the Supreme Court of the state of Washington said:

"After a pretty thorough examination of the cases, we think the better rule is to restrict the evidence to the fact of complaint, and that anything beyond that is hearsay of the most dangerous character." Citing many authorities.

In People v. Scalamiero, 143 Cal. 343, 76 Pac. 1098, 1099, the California Supreme Court said:

"On a prosecution for assault with intent to commit rape, proof of the fact that prosecutrix made complaint may be given in evidence by the testimony of prosecutrix herself, or that of the persons to whom she made complaint, but the details of the complaint may not be shown." State v. Aldrick, 97 Wash. 593, 166 Pac. 1130; People v. Avila, 50 Cal. App. 228, 194 Pac. 768.

In State v. Hoskinson, 78 Kan. 183, 96 Pac. 138, the Supreme Court of Kansas, in considering a case where the facts are very similar to the case being considered by this court, in which the prosecutrix was a girl thirteen years of age who had made the complaint to some third parties who were permitted to relate the details of her story to the jury, the court in reversing the case in the second paragraph of the syllabus said:

"The rule admitting in evidence, in trials for rape, the complaints of the injured person concerning the alleged offense upon her, is ordinarily limited to the fact that such complaints were made; the details being excluded. Such testimony is admitted upon the theory that, if she made no complaint of such an outrage, her silence might be construed as evidence that it had not occurred."

In the case of State v. Fowler, 13 Idaho, 317, 89 Pac. 757, the Supreme Court of Idaho said:

"In a prosecution for rape, the state may prove by the prosecutrix and other witnesses that she made complaint soon after the commission of the alleged act, and show when, where, and to whom, and under what circumstances she made complaint, and her appearance, demeanor, and physical condition at the time she made complaint. But the details of the conversations * * * may not be given by the witness."

In Dickens v. People, 60 Colo. 141, 152 Pac. 909, the Supreme Court of Colorado said:

"Complaint of a victim of an assault with intent to rape is admissible in evidence only as to the bare fact of complaint, and the details thereof are not admissible."

The crime for which the defendant was tried is a grave charge, one easy to make and difficult to disprove. If the testimony of the prosecutrix is true, no punishment would be too severe, and no decent law-abiding citizen could refrain from condemning and censuring the defendant. It is horrible to think of a man of the defendant's years being charged with having sexual intercourse with a mere child. Notwithstanding the charge against the defendant, the fact yet remains that he is entitled to a fair and impartial trial under the laws of our state, and when it is shown that he failed to receive that kind of a trial, and evidence admitted which was detrimental and prejudiced the rights of the defendant, this court must

say the defendant was not accorded a fair and impartial trial according to law.

There are other errors assigned, but the view we take of this record it is not necessary to consider them. The admission of the testimony of Mrs. Myrtle Hunter, in which she details the conversation with the prosecutrix, over the objection of the defendant, was improper and deprived the defendant of a fair and impartial trial guaranteed to him by the laws of the state of Oklahoma.

For the reasons stated, the case is reversed and remanded, with directions to the lower court to proceed with the case not inconsistent with this opinion.

DOYLE, J., and BAREFOOT, J., concur.