DELBERT FENIMORE v. STATE.

No. A-10576.   May 15, 1946.

(169 P. 2d 214.)

E. B. Anderson, of Waurika, and Jerome Sullivan, of Duncan, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Delbert Fenimore, was jointly charged with one Ralph McCollum by information filed in the district court of Jefferson county with the crime of rape in the first degree; a severance was granted; the defendant Fenimore was tried, convicted and sentenced to serve 15 years in the State Penitentiary, and has appealed.

Counsel for defendant has filed a voluminous brief presenting a large number of assignments of error. We have carefully considered all these various assignments of error and find that two of them must be sustained and the case reversed and remanded to the district court of Jefferson county for a new trial.

We shall only recite a brief summary of the evidence in order to properly consider the assignments of error. LaVerne Bowen, the prosecutrix, was 14 years of age July 28, 1943. At the time of the alleged crime on Saturday night, February 20, 1944, she weighed 135 pounds and worked as a waitress at Littrell's Cafe in the town of Comanche. After she had completed her work at the cafe about 10 p. m., she went to the Saturday night preview with Ralph McCollum, a codefendant, who was 17 years of age.

The defendant, Delbert Fenimore, was 19 years of age. He weighed about 120 pounds and had a withered right arm caused by an attack of infantile paralysis when he was an infant.

The prosecutrix testified that when she and Ralph McCollum came out of the picture show, Ralph said he would take her home and they went to the McCollum car; that after they arrived at the car Ralph's older brother, R. O. McCollum, and the defendant came to the

automobile; that Ralph McCollum got on the right side of the front seat, she got in the middle and defendant drove the car at Ralph McCollum's request. That she thought they were taking her home, but instead they turned on Highway 81 and drove about one mile south where defendant stopped the car about five feet off the pavement and defendant and R. O. McCollum got out of the car and went west in the darkness; that Ralph McCollum remained in the car and started making love to her; that defendant and R. O. McCollum came back to the car and defendant drove down the highway about five miles south of Comanche, at which time R. O. Mc-Collum stated that he wanted to turn the car around and return to Comanche; that it was a rainy night and the ground was slick; that R. O. McCollum drove the car to the left of the pavement where it was slick and made a remark that he did not think he could get off that slick place and that he had better drive into a pasture and turn around; that he drove across a cattle-guard into a pasture about one-half mile where he pretended to get stuck. That R. O. McCollum left to get a tractor to pull them out of the mud and defendant also got out of the car and went west; that while they were gone Ralph Mc-Collum kept on bothering her. That in about 30 minutes defendant and R. O. McCollum returned without a tractor; that Ralph McCollum then pushed her out of the car and took her off in the pasture about 15 or 20 yards; that Ralph McCollum took a coat with him and threw her down on it and accomplished the act of sexual intercourse there with her; that they remained out there about 20 minutes, at which time the defendant and R. O. McCollum came out to where they were; that Fenimore stayed out there and the two McCollum boys went back to the car. That Fenimore then wrestled with her and

overcame her resistance and he also accomplished the act with her. That in about 15 minutes the other two boys came out and suggested that they go home; that they went back to the car, got out of the stuck place and drove on to Comanche. The prosecutrix told her older sister what had happened and the sister went to the hospital where her mother was working and brought her home.

The defendant denied having sexual intercourse with the prosecutrix and denied being alone with her at any time during that night.

Ralph McCollum testified on behalf of the defendant that he did have sexual intercourse with the prosecutrix with her consent, but denied that defendant ever was alone with her at any time and he testified that defendant did not have any sexual act with her at any time during that evening. A large number of witnesses also testified to the good reputation of the defendant.

It is contended that the trial court committed error in allowing the witness Elmer Zigler, sheriff of Comanche county, to detail the conversation had with the prosecutrix about two hours after the alleged attack occurred. The record discloses that the uncles of the prosecutrix were notified of the alleged attack by defendant and they called Sheriff Zigler at Duncan. The sheriff then drove to the town of Comanche, arriving there about 4:30 a. m. It is evident that more than an hour elapsed since the time of the alleged assault and counsel for defendant contended that more than two hours had elapsed. The sheriff talked to the prosecutrix at her home in the presence of her relatives. The sheriff was allowed to detail, over the vigorous protest of counsel for defendant, the various things related to him in that conversation by the pros-

ecutrix, including the details of the alleged attacks by Ralph McCollum and the defendant.

At the time objection was made, counsel for the state said:

"If this witness is permitted to testify, his testimony corroborates that girl's testimony."

We have recently had occasion to discuss the admissibility of evidence similar to that given by the sheriff. McGugan v. State, 82 Okla. Cr. 130, 167 P.2d 76; Coppage v. State, 76 Okla. Cr. 428, 137 P.2d 797.

In McGugan v. State, supra, the prosecuting witness had related the circumstances of the alleged offense to two policemen about 30 minutes after the offense was alleged to have been committed. In the syllabus of that case, the following rules of law were established:

"The term 'res gestae' is not subject to any exact definition which will fit all cases, but in a general way it may be defined as the circumstances, facts, and declarations that grow out of the main facts, and shed light upon it and tend to explain it and made at a time so near, either prior or subsequent to main act, as to exclude idea of deliberation or fabrication."

"A fixed measure of time or distance from main occurrence cannot be established as a rule to determine what should be part of res gestae, but each case must necessarily depend upon its own circumstances to establish whether facts offered were a part of same continuous transaction."

"Testimony of police officers in which they detailed statements made to them by prosecutrix concerning alleged crime of rape held too remote from time of main occurrence to be admitted in evidence as a part of the res gestae and the admission of such evidence constituted an abuse of discretion."

In Coppage v. State, supra, this court held that the trial court committed error in allowing a witness to detail statements made to her by prosecutrix shortly after she had left an automobile in which the prosecutrix claimed she had been forcibly raped by defendant. In the body of the opinion Judge Barefoot reviewed at length the many authorities from this court and other jurisdictions.

The established rule seems to be that it is admissible to show by other witnesses that the prosecutrix made complaint shortly after the commission of the alleged offense, but the evidence must be confined to the bare fact that complaint was made; the details or particulars of the complaint not being admissible as substantive testimony unless the statements are so closely related in point of time to the main occurrence as to be a part of the res gestae. Bouie v. State, 9 Okla. Cr. 345, 131 P. 953; Chastain v. State, 46 Okla. Cr. 123, 287 P. 826; Taylor v. State, 61 Okla. Cr. 110, 65 P.2d 1233; 44 Am. Jur. p. 953, sec. 84; Cook v. State, 27 Okla. Cr. 215, 226 P. 595; Warren v. State, 24 Okla. Cr. 6, 215 P. 635; Dodd v. State, 29 Okla. Cr. 311, 233 P. 503.

In Coppage v. State, supra, the time intervening between the alleged assault and the statements given by the prosecutrix to the witness Mrs. Hagler was much shorter than the period of time which intervened in the time of the assault in the instant case and the statement given by the prosecutrix to the sheriff at her home in which the sheriff was permitted to repeat on the witness stand.

In Coppage v. State, supra, it is stated [76 Okla. Cr. 428, 137 P.2d 805]:

"The time intervening would give one an opportunity to make such statement by deliberation, and these state-

ments would be almost impossible to refute. Under the law, that part of the evidence in which she reported to Mrs. Hagler of an assault made upon her was admissible. If Mrs. Hagler had seen her and had examined her, she could further testify to her personal appearance, as to whether or not there were any bruises on her person or body, or whether or not her clothes had been torn, and in what condition they were, but this is as far as the State could go. The permitting of Mrs. Hagler to testify in detail to the conversation which she had with the prosecutrix is clearly inadmissible. This conversation contained two statements that were very damaging to the defendant, and were no doubt strong factors in causing the jury to return a verdict of guilty. The statements were that the prosecutrix, Alma Floyd, told her that the party who assaulted her had false teeth and had lost them at the time of the assault, and the further statement that the prosecutrix had told her the license number of the car, and had told her that her clothes were ruined. These statements were made by the prosecutrix, not in the presence of the defendant, nor as a part of the res gestae, but were clearly hearsay, and if permitted to stand could by the jury be considered as corroborating her testimony.

"The general rule is that the evidence of a witness cannot be corroborated or confirmed by proof that the witness stated the same facts testified to in court on some occasion when not under oath, and not in the presence of the defendant. These statements are excluded as hearsay. However, in rape cases there is an exception to this rule. The exception is that in this character of cases, the State may show by the testimony of other witnesses that the prosecutrix made complaint of the outrage soon after its commission. The reason for this exception is for the purpose of corroborating the prosecutrix when an attempt has been made to impeach her upon the question of the assault as testified to by her. It is also based upon the fact that if she does not immediately report the assault, this will be considered as evidence of the fact that she has not been assaulted, and thus discredit her. The de-

cisions of the courts are practically unanimous that immediately following the commission of the offense, the fact that the prosecutrix made complaint of the assault is admissible, and the further fact as to the physical appearance of the prosecutrix and the condition of her clothing."

The court likewise committed error in allowing the prosecuting witness to detail conversation had with the witness Ralph McCollum out of the presence of the defendant. These statements were very damaging to the defendant, and, although the witness Ralph McCollum denied making such statements, their effect on the jury cannot be minimized.

This court has stated that where hearsay evidence has been received which reasonably contributed to the verdict of guilt, the reception of such evidence is ground for reversal. Peavler v. State, 47 Okla. Cr. 395, 288 P. 610; Robbins v. State, 39 Okla. Cr. 289, 264 P. 841; Hull v. State, 61 Okla. Cr. 12, 65 P.2d 423.

There are many other assignments of error, some of which have considerable merit, but it is unnecessary to here discuss them because they are questions which will not arise on another trial. For the foregoing reasons, the judgment of the district court of Jefferson county is reversed and the case is remanded for a new trial.

BAREFOOT, J., concurs. DOYLE, J., not participating.