BEN TUCKER v. STATE.

No. A-990.    Opinion Filed January 16, 1912.

Appeal from Oklahoma County Court; Sam Hooker, Judge.

Ben Tucker was convicted of violating the prohibitory law, and appeals.  Reversed and remanded.

Guthrie & Cardwell, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.    Plaintiff in error was convicted in the county court of Oklahoma county on the 6th day of September, 1910, on a charge of violating the prohibitory law, and his punishment fixed at a fine of one hundred dollars and thirty days in the county jail.    The proof in this case clearly establishes possession, but there is an entire lack of proof on the question of intent.    This court has held in a number of cases that possession alone is insufficient to sustain a conviction.    The trial court, over the objection of plaintiff in error, permitted the state to prove by hearsay that the plaintiff in error paid the special tax to the government.    Every line of proof in the record on this point is incompetent and should not have been admitted.    The judgment is reversed and the cause remanded with directions to grant a new trial in accordance with law.

---

P. M. HITT v. STATE.

No. A-1050.    Opinion Filed January 16, 1912.

Appeal from Oklahoma County Court; John W. Hayson, Judge.

P. M. Hitt was convicted of violating the prohibitory law, and appeals.  Reversed and remanded.

Charles Watkins, Joe Jaynes, and Taylor, Pruiett & Sniggs, for plaintiff in error.

Chas. West, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.    Plaintiff in error was tried and convicted at the October, 1910, term of the county court of Oklahoma county on a charge of having the unlawful possession of whisky with intent to sell the same, and on the 26th day of November, thereafter, his punishment was fixed at a fine of one hundred and fifty dollars and imprisonment in the county jail sixty days.    The testimony upon which this conviction is based tends to show that the plaintiff in error had possession of a certain restaurant in Edmond about the time alleged in the information, but there is no proof that any sale was ever made, or any offer to make a sale, and no other circumstances of an incriminating nature sufficient to sustain this judgment.    The transaction out of which the conviction grew shows that less than a bottle of whisky was found in the place at the time the charge is laid.    Let the judgment be reversed, and a new trial awarded.