## HUBERT SPEAR v. STATE.

No. A-1386.  Opinion Filed June 1, 1912.

(123 Pac. 852.)

1. **INTOXICATING LIQUORS—Illegal Sale—Evidence.** A petition for a writ of injunction against certain parties which alleges that they were the owners and keepers of certain premises where intoxicating liquors were sold is not admissible in evidence against any of the parties therein named when they are upon trial charged with the commission of such offense.

2. **TRIAL—Prejudicial Error—Cross-Examination of Witnesses.** The right of cross-examining witnesses against a defendant is one of the most valuable rights given him by law, and it is reversible error per se to deprive a defendant of this right.

(Syllabus by the Court.)

*Appeal from Jackson County Court;*
*B. N. Woodson, Judge.*

Hubert Spear was convicted of violating the prohibitory law, and appeals. Reversed.

*P. K. Morrill,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J.   Upon the trial of this cause, over the objection and exception of appellant, the state was permitted to introduce in evidence a petition to the district court of the sixteenth judicial district, which is as follows:

"In the District Court of the Sixteenth Judicial District in and for Jackson County, State of Oklahoma, before Hon. J. T. Johnson, District Judge.

"State of Oklahoma, County of Jackson.

"State of Oklahoma, on the relation of J. M. Dillard, County Attorney, Plaintiff, v. D. R. M. Jones, Hubert Spears, A. E. Leach, and J. K. Spears, Defendants.

"Petition.

"Comes now the state of Oklahoma, hereinafter styled plaintiff, on the relation of J. M. Dillard, its county attorney, within and for Jackson county, state of Oklahoma, and complaining of D. R. M. Jones, Hubert Spears, A. E. Leach and J. K. Spears, the defendants herein named; and for causes of action against said defendants alleges and states:

"First.   That said J. M. Dillard is the duly elected, qualified and acting county attorney for said county and state and is a resident of Jackson county, state of Oklahoma, and that this action is brought by, through and on the relation of said J. M. Dillard as such county attorney.

"Second.   That the said defendants are and were at the times hereinafter mentioned residents of Jackson county, state of Oklahoma, and are and were at the times hereinafter mentioned owners and lessees of the following described real estate, and the buildings, structures and rooms thereon, to wit, lot No. 2 in block No. 36 in the city of Altus, in said county of Jackson, state of Oklahoma.

"Third.   Plaintiff alleges that during the months of June, July, August, September, October, November, of the year 1910, and up to and including the 9th day of November, the date of the filing of this petition, said defendants, in and upon said described premises, real estate, buildings, structures and rooms, willfully and unlawfully sell, barter, give away and otherwise furnish intoxicating liquors, beer, whisky, ale and wine to numerous and divers persons, that said described premises, real estate, buildings, structures and rooms were places of public resort where said defendants willfully and unlawfully kept stored said intoxicating liquors for the willful and unlawful intent to sell, barter, give away and otherwise furnish the same, contrary to the form of the statute in such case made and provided and

against the peace and dignity of the state, and the said described premises are and constitute a public nuisance in violation of section 14 of article 3 of chapter 69 of the Session Laws of 1907-1908 of the state of Oklahoma.

"Plaintiff further alleges that said defendants, in and upon said described premises, real estate, buildings, structures and rooms, willfully and unlawfully on the dates heretofore mentioned deal, play and carry on, open and cause to be opened and conducted as owner and employee certain prohibited games of chance, to wit, poker, faro, monte, craps and other banking and percentage games and willfully and unlawfully played said games for money and allowed gaming tables, banks and other devices to be set up and used for the purpose of gambling, and that all the willful and unlawful acts complained of in this petition against said defendants are now being willfully and unlawfully continued and committed by said defendants.

"Plaintiff further alleges that there is no plain and adequate remedy at law; and, if said conditions and willful and unlawful acts are allowed to be continued, plaintiff and citizens of the neighborhood will be continually annoyed and disturbed, and public decency will be offended thereby, and will suffer irreparable injury and damage.

"Wherefore, premises considered, plaintiff prays that a temporary injunction be granted restraining the said defendants, their agents, employees and assigns from operating said premises, real estate, buildings, structures, and rooms in any manner whatsoever; that also they and every one of them be enjoined from doing and committing any and all the willful and unlawful acts herein complained of: that said premises, real estate, buildings, structures, and rooms be ordered by the court to be locked and said defendants and all of them be forbidden to in any manner operate the same or be connected with the operation of the same, and that they and all of them be prevented from staying in and upon said premises, real estate, buildings, structures and rooms, for plaintiffs herein, by and through its county attorney, believes if said defendants are allowed or permitted to remain in, around, upon or about same, they will continue to commit the willful and unlawful acts hereinbefore complained of; that upon final hearing hereof, by the district court aforesaid, the temporary injunction granted by the judge of the county court, W. T. McConnell, in the absence of the district (judge) from Jackson county, be made permanent, and that plaintiff have and recover from said defendants the costs and reasonable attorney's fees

and for such other and further relief as the honorable court deems right and just.

                    "State of Oklahoma, Plaintiff,
          "By J. M. Dillard, Its County Attorney."

This petition was verified by the affidavit of J. M. Dillard. After this petition had been read to the jury, over the objection and exception of appellant, his counsel then requested the court to instruct the jury not to consider the same, which objection was overruled by the court, and the court instructed the jury as follows:

"Gentlemen of the jury, I will not instruct you to disregard the petition just read, but will instruct you not to consider anything, only the question of the occupancy of the building at the time in question. You will exclude all other considerations in your deliberation of the evidence in this case, and consider only that part of the petition which concerns the possession of the building described in the petition."

The Assistant Attorney General in his oral argument admitted that this evidence was incompetent and was improperly introduced, but he earnestly contended that it was harmless error because there was other evidence in the record which would authorize the verdict of conviction. It was an undisputed fact that whisky had been sold at the time and in the place charged in the information. The pivotal point in the case was as to whether or not appellant was concerned in such sale. The evidence upon this point might have sustained a verdict, but at the same time it was of such uncertain character as might have warranted the jury in finding either for or against the appellant upon this issue. If the evidence which was admitted had simply been irrelevant and immaterial, we would not disturb the verdict on this account, but it was not only irrelevant and immaterial but it was exceedingly harmful to this appellant because in this petition for an injunction it is alleged in express language that appellant and other persons therein named did keep and maintain the premises mentioned therein for the purpose of selling, bartering, and giving away intoxicating liquors. If this petition had been prepared by authority of appellant, it would have been competent evidence against him, as an admission of the statements therein made,

but no man is bound by the hearsay statements of others. This petition was sworn to by J. M. Dillard, the county attorney of Jackson county, and, upon objection being made, the trial court informed the jury that this petition was competent evidence con-. cerning the possession of the buildings described in the petition.

This petition constituted hearsay evidence of the wildest and most flagrant character. Its introduction as testimony is violative of that provision of our Constitution which provides that a party charged with crime shall have a right to be confronted with. the witness against him. There are some exceptions to this general rule, but the petition offered in evidence is not included in any of these exceptions. This right of confrontation is given for the purpose of affording a defendant an opportunity to cross-examine the witnesses against him and thereby sift their means of knowledge and test their credibility.

The right of cross-examination has always been considered, and as a matter of fact is, one of the most important rights guaranteed to a defendant in the trial of a criminal cause. It is just as important to him as the right to introduce testimony in chief is to the state. If we were to affirm this conviction we would disregard the statutes and Constitution of the state which we are sworn to uphold and support.

Upon these conditions we cannot do otherwise than reverse the judgment rendered against appellant, and remand the cause for a new trial.

ARMSTRONG and DOYLE, JJ., concur.