## VIRGIL LANDRUM v. STATE.

No. A-1613. Opinion Filed June 14, 1913.

(132 Pac. 830.)

INTOXICATING LIQUORS—Offenses—"Sale of Intoxicating Liquor"—What Constitutes. Where a liquor house situated in another state has a representative in a town in Oklahoma who receives orders for whisky, and writes letters to the house directing that whisky be sent to persons who give such agent orders, and the whisky is sent to such persons, and the bill is sent to the agent of the house to collect payment for the same, this in law constitutes a sale of intoxicating liquors in Oklahoma, and such agent is liable to prosecution and conviction for violating the prohibitory law of the state.

(Syllabus by the Court.)

*Appeal from County Court, Carter County;*
*M. F. Winfrey, Judge.*

Virgil Landrum was convicted of violating the prohibitory liquor law, and he appeals.    Affirmed.

The case was tried upon the following agreed statement of facts:

"That on the 15th day of June, 1911, Ed Smith approached the defendant, Virgil Landrum, in the city of Ardmore, and requested him, Landrum, to order for him, Smith, one gallon of whisky; that he wrote a letter at Smith's request, and signed Smith's name to said letter, same being addressed to H. Brann & Co. of Ft. Worth, Tex., who are lawfully licensed and engaged in the sale of intoxicating liquors at Ft. Worth, Tex.; that this order was received by H. Brann & Co., who passed upon said order and accepted same, and shipped by Wells Fargo Express one gallon of whisky to said Smith, at Ardmore, Okla.; that a bill for this was sent to Virgil Landrum, who afterwards collected from Smith the sum of $3.75, the price of said whisky; that Landrum was not in any way interested in the whisky, but remitted the amount collected to H. Brann & Co.; that H. Brann & Co. alone had authority to pass upon orders received by them, and accept or reject such orders, as they saw fit; that Virgil Landrum was a collector for H. Brann & Co. and receives a commission on all money collected for them and received his regular commission on the above money."

*Sigler & Howard,* for appellant.
*C. J. Davenport,* Asst. Atty. Gen., for the State.

FURMAN, J. (after stating the facts as above).  If the agreed statement of facts is susceptible of a reasonable construction which would warrant the conviction of appellant, it is our duty to affirm this judgment.

It appears that Ed Smith had requested appellant to order for said Smith one gallon of whisky, but it does not appear that said Smith made any request of appellant as to the person or place from which the whisky should be ordered or made any agreement with appellant as to how the whisky was to be sent or paid for.  That thereupon appellant of his own motion selected H. Brann & Co. of Ft. Worth, Tex., and wrote a letter to them to which he signed Smith's name or-

dering a gallon of whisky to be sent to said Smith at Ardmore. Said H. Brann & Co. received the letter and shipped the whisky by Wells Fargo Express to said Smith at Ardmore; that the bill for the whisky, which amounted $3.75, was sent by H. Brann & Co. to appellant at Ardmore, and that appellant collected for the same from said Smith. It further appears that appellant was a collector for H. Brann & Co. and received a commission on all money collected by him for them.

In many respects there is a manifest difference between the case at bar and the case of *Williams v. State,* 5 Okla. Cr. 206, 114 Pac. 624. In Williams' case the purchaser of the whisky requested Williams to write a letter to E. G. Stafford & Co. of Sparta, Mo., ordering the whisky in question. The record does not show that Williams was agent of or had any connection whatever with E. G. Stafford & Co., or had ever represented them in any business transactions, or that he collected the money for the whisky ordered, or that he was even known to said E. G. Stafford & Co., or that he ever received a commission or compensation for his services. It simply presents a case of one friend writing a letter for another friend to entire strangers. Such is not the case at bar. Here appellant was the authorized agent of H. Brann & Co., and represented them in Ardmore. It was at his suggestion the order was sent to H. Brann & Co. and he wrote the letter directing H. Brann & Co. to send the whisky to Smith at Ardmore, and he received a commission upon the sale made. The fact that appellant was in no way interested in the whisky in no manner militates in his favor. He was prosecuted and convicted, not for having an interest in the whisky, but for participating in the sale of the whisky. If he did this, although he received no compensation therefor, he would still be guilty. But the agreed statement of facts show that he did receive a commission on this sale. He therefore not only participated in the sale, but was financially interested therein.

The fact that H. Brann & Co. alone had authority to pass upon orders received by them and to accept or reject such orders as they saw fit does not in any manner excuse appellant. In the regular course of business this right exists in all cases where drummers are authorized to take orders which they send to the houses they represent. In all such cases the house has the option to accept or reject the order as it sees fit. Far from helping appellant, the statement which we are now discussing clearly points to his guilt, for it is an admission that he was receiving orders for whisky in Oklahoma as agent of H. Brann & Co.

The trial court was authorized to find from the agreed statement of facts that this entire transaction was a cunningly devised subterfuge deliberately planned for the purpose of defeating the law. This case is but an illustration of the fact that men who are engaged in the illegal sale of intoxicating liquors in Oklahoma will resort to any expedient or subterfuge for the purpose of carrying on their illegal business. If this judgment is reversed, every liquor house in the United States could establish an agent in every town in Oklahoma to whom persons could apply and get such agent to write letters and sign the name of the purchaser and forward them to his house, which, seeing the letter written in the handwriting of their agent, would take it as an indorsement of the solvency of the purchaser, and would, upon receipt of such letter, ship whisky to entire strangers of whom they knew nothing. If this can be done, the prohibitory law of Oklahoma will become the laughing stock of all intelligent persons, and this court would be open to the most severe censure for its misconstruction of the law. It is our duty in good faith to so construe the laws of Oklahoma as to enable them to be enforced with reasonable certainty.

Under all of the circumstances appellant is clearly guilty of the crime charged.

The judgment of the lower court is affirmed.

ARMSTRONG, P. J., and DOYLE, J., concur.