## M. A. STITCH v. STATE.

No. A-1857.   Opinion Filed November 15, 1913.

Rehearing Opinion December 23, 1913.

(137 Pac. 887.)

1.   **EVIDENCE—Admissions—Pleading in Civil Action.**  Where a defendant is upon trial charged with selling whisky or having whisky in his possession with intent to sell the same, it is competent for the state to show, either by direct evidence or by his own admissions, that he was engaged in the business of selling whisky.

2.   **INTOXICATING LIQUORS—Unlawful Sale—Defense.**  The fact that a defendant represents a whisky house in another state and delivers whisky on commission to customers in Oklahoma is no defense to a charge for selling such whisky, or having said whisky in his possession with intent to sell same.  **Landrum v. State,** 9 Okla. Cr. 599, 132 Pac. 830, reaffirmed.  The idea that this court is or ever has been unfriendly to prosecutions for violations of the prohibitory liquor law is absolutely without support in fact, and does great violence to the truth.

*Appeal from County Court, Payne County;*
*W. H. Wilcox, Judge.*

M. A. Stitch was convicted of violating the prohibition law, and appeals.  Affirmed, and motion for rehearing overruled.

*J. M. Springer,* for plaintiff in error.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

PER CURIAM.  The plaintiff in error, M. A. Stitch, was convicted at the January, 1912, term of the county court of Payne county on a charge of unlawfully selling intoxicating liquor, and his punishment fixed at imprisonment in the county jail for a period of six months, and a fine of $200.  Upon a careful examination of the record we find no error sufficient to justify a reversal of the judgment.  It is therefore in all things affirmed.

OPINION ON REHEARING.

FURMAN, J.  On account of sickness the writer did not participate in the consideration and determination of this cause when it was first decided; but he has carefully examined the

record since the motion for rehearing was filed, and finds that the motion is not only without merit, but he is surprised that it should have ever been filed.

The evidence shows conclusively that appellant is guilty of the crime of which he was convicted. Only one alleged error is relied upon in the motion for a rehearing, and that is that the trial court erred in admitting in evidence the pleadings in a certain civil suit which had been pending in the county court of Payne county, and in which Danciger Bros., of Kansas City, Mo., were plaintiffs, and M. A. Stitch and L. R. Doolin were defendants, and in which the plaintiffs endeavored to recover from defendants the sum of $143.75, alleged to be due and unpaid on certain brands of whisky sold by plaintiffs to defendants. The total amount of whisky sold by plaintiffs to defendants was alleged to be of the value of $2,101.88, for which they had received payment, with the exception of the said $143.75. The answer of the defendants to this suit was also offered in evidence. It was sworn to by appellant. Attached to this answer was an itemized statement as to all of the whisky received by defendants from the plaintiffs, and the payments made thereon by defendants, in which the defendants claim that they had overpaid plaintiffs for the whisky received the sum of $762.75, and sought a judgment against the plaintiffs for this amount upon a cross-petition. This was an admission of record by appellant, so far as this case is concerned, of all of the material facts stated in the pleadings received in evidence.

It is contended by counsel for appellant that this evidence was not admissible and, in support of this contention, the case of *Spear v. State,* 7 Okla. Cr. 379, 123 Pac. 852, is cited. It is true that in the Spear case it was held that it was error for the trial court to permit the introduction against the defendant of a petition filed in the district court of Jackson county, Okla., in which it was sought to obtain an injunction against a number of persons prohibiting the sale of liquors in a certain house; but there was nothing in the record which in any manner connected Spear with the petition admitted in evidence, except the

naked allegations therein contained. It was therefore hearsay, pure and simple, so far as the defendant was concerned. We adhere to the ruling in the Spear case, but we are amazed that counsel should rely upon the Spear case as an authority in his favor, when, as a matter of fact, it is the strongest kind of authority against him. In the Spear case it was expressly stated:

"If this petition had been prepared by authority of appellant, it would have been competent evidence against him, as an admission of the statements therein made."

In the case at bar the answer introduced in evidence was not only prepared by authority of appellant, but it was sworn to by him. It admitted that he had purchased the whisky as alleged in the complaint, and claimed that he had overpaid the plaintiffs in the sum of $762.75 therefor, and by cross-petition defendants sought to recover this amount from plaintiffs. This answer established the fact that appellant was doing a whole-sale whisky business in the town of Stillwater, Okla.

It is true he claimed that this whisky had been sold and handled by him upon a commission, but this in no manner mitigated his offense. See *Landrum v. State,* 9 Okla. Cr. 599, 132 Pac. 830. Men cannot resort to such subterfuges as this in violating the prohibitory law, and escape punishment. The only way in which we can understand how counsel for appellant could have conceived the idea that such a defense would for one moment be tolerated by this court is that he did so upon the hypothesis that this court was unfriendly to prosecutions for violations of the prohibitory liquor law. Such an idea is absolutely without support in fact, and does great violence to the truth. This court has never hesitated to go to the limit of the law in sustaining convictions in such cases. If counsel had examined the opinions of this court, he would never have filed this motion for a rehearing.

From the record in this case, appellant should have received the extreme limit of the law, and it is fortunate indeed for him

that the law making such an offense a felony had not been adopted at the time of the commission of this offense. The motion for rehearing is overruled.

The mandate will issue without further delay.

ARMSTRONG, P. J., and DOYLE, J., concur.