## L. J. BOHANNAN v. STATE.

No. A-4062.   Opinion Filed July 2, 1923.

(215 Pac. 1078.)

(Syllabus.)

1.  **Intoxicating Liquors—Evidence not Sustaining Conviction for Unlawful Transportation.** In a prosecution for unlawfully transporting intoxicating liquor, testimony reviewed, and held insufficient to constitute a conspiracy, and insufficient to support the conviction.

2.  **Evidence—Declarations of Defendant, after Offense, in Absence of Codefendant, Admissible Against Declarant Alone.** Declarations of a defendant, made after the offense had been committed, in the absence of a codefendant, are admissible against himself, but inadmissible against the other defendant.

Appeal from County Court, Delaware County; W. H. Martin, Judge.

L. J. Bohannan was convicted of a violation of the prohibitory liquor law, and he appeals. Reversed.

T. M. McCombs, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. Appellant, L. J. Bohannan, was convicted on a charge of transporting intoxicating liquor, and his punishment fixed at a fine of $50 and 30 days' confinement in the county jail.

The information charges Sam Maxwell, Jack Ketcher, Alex Hurley, Wm. Maxwell, and appellant with conjointly conveying 2 1-2 gallons of whisky from a point in Adair county unknown to appellant's store in the town of Stilwell. Defendant Sam Maxwell entered a plea of guilty. The other defendants were jointly tried. When the state rested, defendants Alex Hurley and Wm. Maxwell were discharged. The jury found Jack Ketcher and appellant guilty. Defendant Ketcher waived time for sentence and right to appeal, and on said day was sentenced. From the judgment rendered on the verdict, defendant Bohannan appeals.

The evidence shows that two of the defendants drove into Stilwell in a wagon and stopped in front of a blacksmith shop, and one of the defendants carried a box into appellant's store; about an hour later the city marshal and a deputy entered the store and found the box. As a witness in his own behalf, defendant Bohannan testified:

"I was sitting reading a paper. Sam Maxwell stepped in and asked if he could leave a box. I said, 'All right;' he said, 'I will go back and feed my team;' and I guess it was an hour before he came back and Ketcher was with him. I sold them an item or two, and as they walked out the city marshal and Sam Adair came in. The marshal told Adair to hold these two fellows, and he asked me, 'Did these boys bring a box in here?' I said, 'One did;' he said, 'Where is it?' I said, 'Behind the counter.' He took the box and broke the lid off; there was some half gallon jars in it. I do not know what they contained; I never tasted or smelt it; they said it was corn whisky. I had no understanding with Sam Maxwell, nor no one else, to bring that whisky in; when he brought the box in I did not

know what was in it. People frequently bring in boxes, packages, and different articles. I never ask what is in their packages. I never saw Maxwell but once before in my life. I had no understanding with' him to bring any whisky in, and I had no arrangement to buy any whisky.''

The errors assigned are: The verdict is contrary to law and the evidence, and that the court erred in admitting incompetent and prejudicial testimony.

It appears that the state was permitted, over the objection of the defendant, to introduce in evidence declarations made by defendant Sam Maxwell to Watt Daugherty deputy city marshal, after the defendants had been arrested. The declarations, in the language of the witness Daugherty, were as follows:

''They left me on guard. I had a conversation with Sam Maxwell about his arrest when I took him to supper. He said he had hard luck; that he got caught with some whisky, and said, if Bohannan had paid them when they brought it in, they would not have been caught. He said that 'old Bo' was out rustling the money to pay for the whisky they had in there; that is how they came to get caught. He also said that it was not the first time that he had brought a batch to Bohannan. Mr. Bohannan was not present and did not hear the conversation, and so far as I know knew nothing about it.''

To the admission of this evidence the defendant excepted, and the action of the court in this respect is well assigned as error. The declarations of a conspirator or accomplice are receivable against his fellows, when they accompany or explain acts done in pursuance of a concerted criminal purpose, if made during the pendency of the common criminal enterprise, if made at a subsequent period, and merely narrative of past occurrences, they must be rejected. 1 Greenleaf, Ev. (14th Ed.) par. 111; Sturgis v. State, 2 Okla. Cr. 362, 102 Pac. 57; Wells

v. State, 5 Okla. Cr. 22, 113 Pac. 210; Burns v. State, 8 Okla. Cr. 554, 129 Pac. 657; Washmood v. U. S., 10 Okla. Cr. 254, 136 Pac. 184.

The testimony objected to was hearsay, was after the offense, if any, had been committed, and, even if the conspiracy had existed, it was not admissible. For the error of the trial court in admitting this testimony the judgment will be reversed. We also think that the evidence is wholly insufficient to constitute a conspiracy, and insufficient to sustain the conviction.

The judgment of conviction is therefore reversed.

MATSON, P. J., and BESSEY, J., concur.