## T. I. ROBBINS v. STATE.

No. A-6031.   Opinion Filed March 3, 1928.
(264 Pac. 841.)

Wilkinson & Hudson, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Atoka county on a charge of placing dynamite in a stream in violation of section 6526, Comp. St. 1921, and was fined the sum of $100.

The record discloses that defendant with others, including Ed Slaughter, went to Jack Fork creek on a fishing excursion. Soon after arriving at the creek, Slaughter was drowned. It is the contention of the state that the defendant and others put dynamite in the creek. The wife of Slaughter testified that soon after the party went to the creek, before word of his death was brought to her, she heard a roaring sound at the creek where they had gone. There was evidence that the day before this one of the party had procured dynamite, and in the wagon in which they went to Slaughter's house there was a box with something in it wrapped in brown paper which the parties took to the creek with them. Two or three witnesses testified that on the afternoon of that day defendant said they were dynamiting the creek and the boy (referring to Slaughter) got drowned. Another witness testified that on the day following the death of Slaughter he talked with defendan, who stated, in substance, they were dynamiting the creek and Slaughter accidentally got drowned. There were some other circumstances in support of the state's case. The defendant and the three others who were with him denied that they had any dynamite or put any in the creek.

The contention is that the court admitted hearsay testimony, prejudicial to defendant. This assignment is directed to the testimony of the witness Winsberry, who was permitted to testify that, subsequent to the

time charged, Herman Miller, one of the persons with defendant at the time charged, stated that they had dynamited the creek, and the testimony of the witness Osborn, that he heard Earl Johnson, who was with defendant at the time of the offense charged, make a, similar statement. The court apparently admitted this on the theory. that Johnson and Miller were co-conspirators and a statement made by one was therefore admissible as to all. The court entirely overlooked the law that in such case, to be admissible, the statement must be made prior to the completion of the conspiracy. The evidence of these two witnesses was purely hearsay. As the case was sharply contested and the evidence conflicting, this testimony may have influenced the verdict of the jury, and its admission requires a reversal of the case. Tucker v. State, 6 Okla. Cr. 714, 119 P. 1134; Spear v. State, 7 Okla. Cr. 383, 123 P. 852; Payne v. State, 10 Okla. Cr. 314, 136 P. 201.

The case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.