## H. C. PEAVLER v. STATE.

No. A-7434.   Opinion Filed May 24, 1930.
(288 Pac. 610.)

King & Crawford, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of the crime of selling one-half pint of whisky to Lew Wheeler, and was sentenced to pay a fine of $50 and be imprisoned in the county jail for 30 days. From the judgment and sentence, the defendant has appealed to this court.

The testimony in this case shows that the defendant has a place of business at a point in Pontotoc county known as Gilmore City. Lew Wheeler testified that he and his wife and a man by the name of Burdwell drove to the place of business of the defendant, and that he and Burdwell went in and bought a half-pint of whisky. Burdwell is not called as a witness. Wheeler further testified that at one time prior to this time he was in the defend-ant's place of business with Mace Patterson and that Patterson bought whisky.

Mace Patterson was called as a witness, and testi-fied he was never in the place of business of the defend-ant, and had never bought any whisky from the defend-ant when the witness Wheeler was present or any other time.

Over the objection of the defendant, the court per-mitted Mrs. Nina Wheeler, wife of the said Lew Wheeler, to testify that Wheeler said he was going to stop at de-fendant's place for the purpose of buying some whisky. The wife was asked if the witness Wheeler had any whisky before he got to defendant's place, and she said he had a drink.

There is no testimony showing that the witness Wheel-er had any whisky after he left the defendant's place of business.

The defendant has assigned six errors alleged to have been committed in the trial of his case; the sixth assign-

ment being error of the court in overruling the defendant's motion for a new trial. All of the questions raised in this case are included in this one assignment. An examination of the testimony in this case shows that the prosecuting witness Wheeler's testimony stands alone as to his buying the whisky from the defendant.

The defendant denies selling any whisky to the witness Wheeler, and Wheeler is contradicted in his testimony by Mace Patterson. The testimony of Nina Wheeler, wife of the witness Lew Wheeler, is purely hearsay as to the witness stopping at the defendant's place of business to buy whisky, and was not made in the presence of the defendant. This court has repeatedly held that hearsay evidence is not admissible. McRae v. State, 8 Okla. Cr. 483, 129 Pac. 71; Spear v. State, 7 Okla. Cr. 379, 123 Pac. 852; Ellington v. State, 24 Okla. Cr. 67, 215 Pac. 964; Bohannan v. State, 24 Okla. Cr. 103, 215 Pac. 1078.

The testimony of Nina Wheeler, wife of Lew Wheeler, stating that Lew Wheeler said he was stopping at defendant's place to get whisky, made in the absence of the defendant, was hearsay evidence and inadmissible, and was prejudicial to the rights of this defendant. If this hearsay evidence had been excluded from the jury, the verdict of the jury might have been different, as the defendant denied selling Wheeler any whisky, and Mace Patterson contradicted the witness Wheeler as to his testimony that he was with Patterson at the defendant's place when Patterson bought whisky of the defendant.

For the errors herein stated, the judgment is reversed.

EDWARDS, P. J., concurs. CHAPPELL, J., not participating.