## GRACE SPEARS v. STATE.

No A-10992.    June 15, 1949.

(207 P. 2d 363.)

E. Moore, Coalgate, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, Grace Spears, was charged by information filed in the district court of Coal

county with the crime of larceny of a calf, was tried, convicted and sentenced to serve three years in the State Penitentiary, and has appealed.

The stolen calf belonged to Will Cummings. The evidence is undisputed that three boys, Royal Vaughn Dority, E. D. Dority, and John King, Jr., on August 24, 1946, killed and dressed a calf belonging to Cummings which was running on the range near the home of defendant. These three boys admitted their guilt and testified in the case.

The first assignment of error is that the court committed reversible error in admitting hearsay evidence over the objection of counsel for defendant.

The sheriff of Atoka county, L. O. McBride, and John Calvert, a policeman of Coalgate, each testified concerning an investigation they made of the larceny of the calf, and that they arrested Royal Vaughn Dority, E. D. Dority, and John King, Jr. Over the objection of the counsel for defendant, these officers were allowed to detail statements made to them by these three boys in the absence of the defendant concerning their activities the night of August 23rd, when the boys said they stayed at the home of Grace Spears and were further allowed to detail statements made to them by Grace Spears and relate how they stole the calf, killed, dressed it, and took the defendant a part of the meat.

The testimony concerning what the three boys told them in confessing the crime was lengthy and could not be termed harmless error.

In the case of Robbins v. State, 39 Okla. Cr. 289, 264 P. 841, this court held:

"Where hearsay evidence has been received which probably contributed to a verdict of guilty, the admitting of such evidence over the objection of defendant is ground for reversal."

In the body of the opinion it is stated:

"The court apparently admitted this on the theory that Johnson and Miller were coconspirators and a statement made by one was therefore admissible as to all. The court entirely overlooked the law that in such case, to be admissible, the statement must be made prior to the completion of the conspiracy. The evidence of these two witnesses was purely hearsay. As the case was sharply contested and the evidence conflicting, this testimony may have influenced the verdict of the jury, and its admission requires a reversal of the case. Tucker v. State, 6 Okla. Cr. 714, 119 P. 1134; Spear v. State, 7 Okla. Cr. [379], 383, 123 P. 852; Payne v. State, 10 Okla. Cr. 314, 136 P. 201."

This was a closely contested case with very little corroboration of the testimony of the confessed accomplices. Will Cummings, the owner of the calf, stated that the person who notified him that the calf had been killed was the defendant who told him about it the next day, and he bluntly stated that he did not believe she was guilty of assisting in the larceny and he refused to file a complaint against her. He further stated that if it had not been for the defendant's and her husband's action in calling the loss of the calf to his attention, he would not have known about it for probably several days.

The admission of this hearsay evidence of the officers as to the statements made by the three boys to them concerning the defendant's connection with the crime is too glaring a violation of the rules of evidence to be termed harmless.

It is contended that there was no corroboration of the testimony of the accomplices. The corroboration was slight and consisted wholly of the testimony of L. O. McBride, sheriff of Atoka county, that as best he could remember the defendant had told him that she furnished the axe, bucket, and sack used by the boys in killing and dressing the calf.

We are committed to the rule that where there is any substantial evidence tending to connect defendant with the commission of a crime in corroboration of an accomplice, the sufficiency of such corroborating evidence is a question for the jury. Hathcoat v. State, 71 Okla. Cr. 5, 107 P. 2d 825.

There is one other error in the proceedings which we feel should be called to the attention of the trial court if this case should be retried. In instruction number 12 the court stated:

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

This instruction in so far as it goes is a correct abstract statement of the law. However, there is no other instruction pertaining to the testimony of accomplices, nor is the jury advised as to who are accomplices. The court should have given an instruction defining accomplices, should have told the jury as a matter of law that the witnesses, Royal Vaughn Dority, E. D. Dority, and John King, Jr., were accomplices of defendant, and that the defendant could not be convicted upon the testimony of those witnesses unless their testimony be corroborated by such other evidence as tends to connect the defendant with

the commission of the crime; and that the corroboration would not be sufficient if it merely showed the commission of the crime or the circumstances thereof. The court should have further instructed the jury that in law one accomplice cannot corroborate another accomplice. Comba v. State, 68 Okla. Cr. 373, 99 P. 2d 170.

For the above reasons the judgment of the district court of Coal county is reversed and remanded for a new trial.

BAREFOOT and BRETT, JJ., concur.