Ricky Lee SPEES, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–695.

Court of Criminal Appeals of Oklahoma.

March 27, 1987.

Terry J. Hull, Asst. Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

### OPINION

PARKS, Judge:

The appellant, Ricky Lee Spees, was convicted of Arson in the Second Degree, in the District Court of Kay County, Oklahoma, Case No. CRF–83–135. Appellant was sentenced to twenty (20) years imprisonment and a fine of Two Thousand Dollars ($2,000.00). We modify the appellant's sentence to ten (10) years imprisonment, and, as modified, judgement and sentence is affirmed.

On Saturday, June 4, 1983, an all-day party was held at the house of one Steven Vuletich, the appellant's co-defendant in this case. Among those in attendance were the appellant, Vuletich and Tilford Bradley "Bo" Bowlan. According to the testimony at trial sometime during the evening, the three men discussed burglarizing a pharmacy in order to obtain drugs. Shortly thereafter, they left the party and drove to Terry's Discount Pharmacy. The pharmacy was one of several businesses located in a common building. In order to gain entry, Tilford Bowlan kicked open a door to an unoccupied portion of the building. Bowlan and Vuletich then entered the building while the appellant waited in the car. Once inside, the two men took a shotgun from a real estate office and then tore down a wall to gain entrance to the pharmacy. The men took bottles of codeine, Tylenol 3, Librium and Phenobarbital from the pharmacy before returning to the car. The three then drove back to Vuletich's house and rejoined the party.

After returning to the party, Bowlan became concerned that he had left fingerprints at the pharmacy and began to discuss "torching" the building to eliminate any evidence. Following the discussion, the men obtained some gasoline from Vuletich's pickup and returned to the pharmacy. The appellant and Vuletich then set fire to the building while Bowlan remained in the car. Thereafter, the three again rejoined the party.

On Friday, June 10, 1983, the appellant, Vuletich and Bowlan were all arrested in connection with the crime. While they were in custody, the police obtained permission to search the residences of the appellant and co-defendant Vuletich. One of the bottles of Phenobarbitol from the pharmacy was found in the appellant's refrigerator. A second bottle, absent its contents, was found in a wood-burning stove in co-defendant Vuletich's house. During this same period, Bowlan made a full confession to the police.

### I.

In his first assignment of error, the appellant asserts that he was denied his right to counsel at preliminary hearing because of a multiple representation conflict of intrest and was denied his right to counsel at trial due to ineffective representation. We disagree.

### A.

As to his preliminary hearing claim, we first note that multiple representation is not in itself a violation of the Sixth Amendment. *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). Furthermore, the appellant failed to object to the alleged denial of counsel. As the United States Supreme Court has said:

> In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.

**574**

*Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333, 348 (1980).

Here, the appellant, co-defendant Vuletich and Tilford Bowlan were all represented by the same attorney at preliminary hearing. Mr. Bowlan had previously made a confession to the police in which he implicated himself, the appellant and Vuletich in the crimes charged. Appellant asserts that an actual conflict of interest existed from the moment Bowlan confessed. However, at the hearing, all three men plead not guilty and counsel resisted the admission of the confession. As a result, the trial judge only admitted the statement for the limited purpose of determining the issues as to Mr. Bowlan and refused to allow the statement to be used against either the appellant or co-defendant Vuletich. Under these circumstances, there was no actual conflict of interest.

Appellant further asserts that counsel's performance was adversely affected when he failed to properly cross-examine a witness who later became unavailable to testify at trial. The witness was the appellant's girlfriend at the time of the crime. As a result, the purportedly unimpeached transcript of her testimony was admitted against the appellant at trial. However since the testimony was damaging to all three men, the appellant has failed to demonstrate how the allegedly deficient cross-examination resulted from a conflict of interest.

### B.

Appellant also claims ineffective representation at trial. At the time of trial, preliminary hearing counsel had withdrawn from the case, Tilford Bowlan had pled guilty and had been subpoenaed to testify for the State, and a second attorney had been appointed to represent the appellant and co-defendant Vuletich. Appellant contends that trial counsel improperly called two defense witnesses whose testimony contradicted his own trial testimony. Appellant also objects to counsel's failure to request an accomplice instruction in regard to the transcript testimony of the unavailable witness.

In order to establish ineffective assistance of counsel at trial, the appellant must show that counsel's performance was deficient and that the performance prejudiced the appellant to the extent that confidence in the jury's verdict is undermined. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1983). Here, the first allegedly improper defense witness was the paramour of co-defendant Vuletich. She directly contradicted the testimony of the State's witness Bowlan and claimed that Vuletich had been with her from 11:00 p.m. on Saturday until 4:00 a.m. on Sunday during the peroid in question. This statement corresponded with the appellant's testimony that he and his girlfriend and Vuletich had left the party together about 11:00 p.m. and that Vuletich had dropped them off before rendezvousing with the witness. The alleged conflict arose when the witness stated that she had been at Vuletich's house at 2:00 p.m. on the day of the party and that no one else was there at that time. However, the appellant himself testified that he had left the party two or three times during the afternoon. Consequently, the testimony was not directly contradictory.

The second witness was a guest at the party. He had been subpoenaed as a State's witness, but did not testify during the State's case-in-chief. The witness had been drinking heavily on the day in question and his testimony was somewhat uncertain. He did, however, partially contradict the appellant's story. Although he was uncertain as to the exact times, he stated that the appellant, Vuletich and Bowlan had left the party and returned together twice during the period in which the defendants claimed to have been gone for the night. It appears that trial counsel may have called the witness, despite his somewhat inconsistent testimony, in order to partially blunt his effectiveness as a state rebuttal witness. The State apparently intended to call the witness in rebuttal, since they objected to the appellant having spoken to the witness in the hall after the close of the State's case-in-chief. We cannot say this apparent trial tactic

resulted in ineffective assistance of counsel.

▉ Finally, the appellant complains about the failure of counsel to request an accomplice instruction in relation to the transcript testimony of the appellant's girlfriend, the unavailable witness. As discussed in Part II of this opinion, *infra,* the witness does not appear to have been an accomplice. Therefore, the failure to request the instruction was not error. Since the appellant has demonstrated neither deficiency of performance nor prejudice, this assignment of error is without merit.

## II.

▉ In his second assignment of error, the appellant contends that the evidence was insufficient to support a verdict of guilty. Appellant bases his contention on the statutory requirement of accomplice corroboration. 22 O.S. 1981, § 742. He claims that since Tilford Bowlan was an admitted accomplice to the crime, his incriminating testimony must be corroborated and that the only corroboration in this case was improperly furnished by the testimony of another accomplice. *Cf. Spears v. State,* 89 Okl.Cr. 321, 207 P.2d 363 (1949).

Appellant claims that the improper corroboration was contained in the transcript testimony of his girlfriend. He alleges that she admitted to participating in the rewards of the crime and thus became an accomplice under this Court's holding in *Howard v. State,* 561 P.2d 125 (Okl.Cr. 1977). In *Howard,* however, the accomplice witness was present during a detailed discussion of a robbery plan at his home, he was present when the defendants returned to his home after the crime and divided the stolen goods, and he received a share of the proceeds for his help. In the case at bar, the appellant's girlfriend may have indirectly participated in the rewards of the burglary because of her relationship to the appellant, but her connection to the crime was nothing like that of the accomplice witness in *Howard.* Furthermore, the appellant was convicted of arson, not burglary. The witness had no connection

to the arson. Therefore, based on the record before this Court, we find that the witness was not an accomplice. Accordingly, this assignment of error is without merit.

## III.

Appellant next asserts that he is entitled to relief on the basis of an accumulation of errors committed by the prosecution. We agree.

The State first urges that the appellant's failure to object to much of the alleged misconduct should be treated as a waiver. We are of the opinion, however, that the "lack of a contemporaneous objection is not controlling ... [as] the errors complained of are fundamental and prejudicial to the appellant's right to a fair trial." *Langdell v. State,* 657 P.2d 162, 164 (Okl.Cr.1982).

▉ The ABA Standards for Criminal Justice, adopted by this Court in *Tart v. State,* 634 P.2d 750 (Okl.Cr.1981), provide that it shall be unprofessional conduct for a prosecutor to "express his or her personal belief or opinion as to the truth of falsity of any testimony or evidence or the guilt of the defendant." ABA Standards, § 3–5.-8(b). Despite the standard, the trial judge permitted the prosecutor over strenuous defense objection to repeatedly insinuate that a key defense witness was committing perjury. Allegations that either a defendant or defense witnesses have lied are improper. *Cowles v. State,* 636 P.2d 342 (Okl. Cr.1981); and *Ray v. State,* 510 P.2d 1395 (Okl.Cr.1973). In addition, in final argument, the prosecution improperly gave his personal opinion as to the guilt of the appellant. After indicating that he believed that the evidence was overwhelming, the prosecutor flatly stated, "I think they are guilty; that's what I am saying. I think they are guilty." *Cf. Tart v. State, supra.*

▉ Also during final argument, the prosecutor attempted to align himself with the druggist victim by relating his own drug store work history and to bolster the victim's testimony by relating how he personally knew it to be credible. We have often condemned such comments. *Bryant*

*v. State*, 585 P.2d 377 (Okl.Cr.1978); *Sisk v. State*, 487 P.2d 1003 (Okl.Cr.1971); and *Gossett v. State*, 373 P.2d 285 (Okl.Cr. 1962). Further, he attempted to evoke the sympathy of the jury by comparing his own home to the building burned and discussing how the victim must have felt about losing his business. *See Williams v. State*, 658 P.2d 499 (Okl.Cr.1983); and *Chandler v. State*, 572 P.2d 285 (Okl.Cr.1977).

■ Finally, the prosecutor improperly accused defense counsel of trying to mislead the jury. During final argument, the prosecutor stated, "What you see is a classic defense tactic of pointing the finger—pointing the finger at the police, at the prosecutor, anything to divert your attention from the elements and the facts in this case and the evidence." In *Babek v. State*, 587 P.2d 1375, 1379 (Okl.Cr.1978), this Court modified the defendant's sentence because the prosecutor had argued:

> Of course if they can talk about our office and criticize us enough they think the jury will forget all about the evidence and say "Well, we will just prosecute the prosecutor." That is what they talk about when they have nothing else to talk about.

Such comments constitute a highly improper attack on the integrity of defense counsel. *Cf. Black v. State*, 663 P.2d 22 (Okl. Cr.1983).

■ Considering all of the circumstances in this case, however, reversal is not appropriate. *See* 20 O.S. 1981, § 3001.1. On the other hand, considering the fact that the appellant is a first time offender and received only five years less than the maximum sentence, it is impossible to say that the accumulation of prosecutorial misconduct had no effect on the jury's sentencing determination. *Cf. Gooden v. State*, 617 P.2d 248 (Okl.Cr.1980). Accordingly, the appellant's sentence of imprisonment should be modified from twenty (20) years imprisonment to ten (10) years imprisonment.

### IV.

Finally, the appellant asserts that his Two Thousand Dollar ($2,000.00) fine is excessive. Here, the appellant was represented by appointed counsel at trial and by the Appellate Public Defender on appeal, he posted no appeal bond and the trial judge specifically found him to be an indigent before imposing the fine. The time for payment of the fine was not delayed. Therefore, as this Court recently stated in a similar situation, "[we] are of the opinion that justice would best be served by modifying the judgment and sentence...." *Roth v. State*, 714 P.2d 216, 217 (Okl.Cr. 1986). Accordingly, in the interests of justice and because of the previously discussed prosecutorial misconduct (Part III, *supra*), the appellant's sentence is hereby modified from twenty (20) years imprisonment and a Two Thousand Dollar ($2,000.00) fine to ten (10) years imprisonment. As MODIFIED, judgment and sentence is AFFIRMED.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED as MODIFIED.

BRETT, P.J., concurs.

BUSSEY, J., concurs in part/dissents in part.