**Jimmie D. LANE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–495.**

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1987.

Rehearing Denied Oct. 6, 1987.

Jerry D. Sokolosky, Larry D. Bishop, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., P. Kay Floyd, Asst. Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., State of Okl., Oklahoma City, for appellee.

BUSSEY, Judge:

The appellant, Jimmie D. Lane, was tried and convicted in the District Court of Lincoln County of Confidence Game, pursuant to 21 O.S.1981 §§ 1541.1, 1541.2, Case No. CRF–84–29, and was sentenced to ten years' imprisonment and fined five thousand dollars ($5,000.00).

In March, 1983, Jimmie D. Lane, the appellant, a dealer in oil field equipment, informed his father-in-law, Frank Reedy, he had a profitable investment for him. He related that he knew of an individual in Texas, Jim "Junior" Norris, who was going into bankruptcy and was selling a certain brand of oil well pumps he possessed for $75,000 for ten pumps. He related that he could sell these pumps for $13,000 apiece to buyers who had already agreed to purchase them at this price. Appellant and Reedy then entered into a deal whereby Reedy agreed to purchase the pumps and would then receive half of the profits when appellant sold them to his awaiting buyers. At no time did appellant mention that he would receive any other monies as a consequence of this transaction. Reedy then borrowed $75,000 from a Chandler bank and gave it to appellant to purchase the pumps from Norris.

Appellant then drove to Norris' home in Texas, where he gave the $75,000 to Norris. Norris then gave the appellant $18,000 in return for an outstanding debt he owed appellant. Lane and Norris then drove to the plant of the pumps' manufacturer where they purchased the pumps for $2,744 per unit. The pumps were then loaded onto trucks and shipped to appellant's equipment yard in Lincoln County.

The next day, Norris telephoned Reedy and told him that he owned an additional eleven pumps for sale for a bulk cost of $75,000 ($6,818.18 per unit). When Reedy asked for appellant's advice about this proposition, he was told that it was a good deal which he should accept. Reedy then obtained a six-month mortgage on his home and farm and gave an additional $75,000 to appellant to give to Norris for the pumps. Norris then purchased an additional eleven pumps from the manufacturer for $2,695 per unit and transported these pumps to appellant's equipment yard.

The purported buyers never materialized and appellant sold only one of the twenty-one pumps some six months later a price of $8,000. Reedy sold the remaining twenty units sometime in 1984 for a total price of $60,000.

Appellant's conviction stems from this second purchase of eleven pumps. The trial court, sitting without a jury, found him not guilty of a similar charge concerning the first transaction for the ten pumps.

Appellant's first assignment of error is that the information was insufficient in that it failed to adequately state a crime under the laws of Oklahoma. Appellant contends that the information failed to allege by what means the victim's confidence was gained, how the victim was harmed, and what representations by the appellant to Reedy consisted of false representations as to past or existing fact. All three of these items are material elements of the crime for which appellant was convicted.

In Oklahoma, for an information to be found sufficient, it must not mislead the defendant, and must not expose the defendant to double jeopardy. *Nealy v. State*, 636 P.2d 378 (Okl.Cr.1981); *Williams v. State*, 579 P.2d 194 (Okl.Cr.1978). In determining whether an information meets this test, this Court will be guided by practical rather than technical consideration. *Nealy v. State, supra*; see also *United States v. Moore*, 556 F.2d 479 (10th Cir. 1977).

In examining the record, we cannot see how the defendant might have been mislead or that he has been exposed to double jeopardy as a result of the plain language of the information. The scheme between Lane and Norris, the device by which Reedy's confidence in the transaction

was gained, is well-detailed. The allegation that the value of the pumps is far below their purchase price is adequate to show that the victim was materially damaged. Additionally, the false representations detailed in the information are to existing facts (the ownership of the pumps by Norris and the existence of definite buyers for the pumps) and are not merely to appellant's opinions as to future events. Therefore, the information is sufficient and this assignment of error is without merit.

Appellant's second assignment of error is that the evidence presented at trial is insufficient to support the verdict.

Appellant's first proposition under this assignment is that the trial court erred in failing to sustain his demurrer to the evidence. Appellant, however, has waived his right to raise this issue on appeal in that he presented evidence at trial after the trial court's rejection of his motion. *Joplin v. State,* 663 P.2d 746 (Okl.Cr.1983).

Appellant's second proposition under this assignment is that the evidence is insufficient in that the State failed to prove all of the necessary elements of the crime. The material elements of this crime, Confidence Game, are: 1.) intent to defraud; 2.) the creation or existence of a confidence between the victim and the defendant; 3.) deliberate false statment made by the defendant as to past or existing facts; and 4.) the value of the thing lost by the victim must be greater than $50.00 to constitute a felony. 21 O.S.1981 §§ 1541.1, 1541.2.

In judging the sufficiency of the evidence on appeal, the rule in this state is whether, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could find all of the elements of the crime beyond a reasonable doubt. *Spuehler v. State,* 709 P.2d 202 (Okl.Cr.1985).

The record indicates that there is sufficient evidence from which the trier of fact could rationally find that these elements of the crime did exist. Although there is conflicting evidence, this Court will not disturb the verdict of the trial court where there is competent evidence to support that verdict. *Wilhite v. State,* 701 P.2d 774 (Okl.Cr.1985); and *Moore v. State,* 96 Okl.Cr. 118, 250 P.2d 46 (1952). There is consequently no error in either this proposition or this assignment of error.

Appellant's third assignment of error is that the use against him of his depostition from a prior civil action regarding the same series of events violates his Fifth Amendment rights which protect him against self-incrimination. He contends that these rights were violated in that he was not informed of these constitutional rights prior to the taking of the deposition, which he claims is a violation of the letter and spirit of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

This Court has long held that the use of a defendant's testimony at a prior civil proceeding can be used against him at a subsequent criminal trial if that testimony is material to issues arising at the criminal trial. See *Wilkerson v. State,* 364 P.2d 709 (Okl.Cr.1961); *Stitch v. State,* 10 Okl.Cr. 441, 137 P. 887 (1913). We have, however, not had the opportunity since *Miranda* to examine whether it is necessary that a deponent be informed of his constitutional rights before his deposition can later be used in a criminal trial against him.

The United States Court of Appeals has discussed this issue in *United States v. Vecchiarello,* 569 F.2d 656 (D.C.Cir.1977). It held that while an individual always has the right to invoke his Fifth Amendment right against self-incrimination, a deponent in a civil proceeding should not be accorded the same protections as a criminal suspect held in police custody and subject to police interrogation. An individual who is represented by counsel at a civil proceeding and who voluntarily waives his right not to incriminate himself should not thereafter be given the power to resurrect this right in order to suppress this voluntary admission at a later criminal proceeding. This Court agrees with the rationale and the holding of this decision. Because appellant was represented by retained counsel at the taking of the deposition, we find that this assignment of error is without merit.

Appellant's sixth assignment of error is that he was denied a fair trial in that he was denied his Sixth Amendment right to confront witnesses against him. Over the objection of appellant's counsel at trial, two depositions from officials of the pumps' manufacturer who were residents of Texas were entered into evidence in accord with an agreement with appellant's former attorney of record.

These depositions had been taken in anticipation of a civil suit filed by Reedy against appellant. At both depositions the appellant was represented by an attorney who did cross-examine the deponents on behalf of appellant.

Although the admission of evidence is at the discretion of the trial judge, in admitting former testimony into evidence at a criminal trial in the absence of the witness who gave that testimony, it is necessary that the State demonstrate five factors which compel the admission of this evidence. These five factors are: 1.) the testimony was recorded by a certified reporter and properly filed with a court; 2.) the defendant was represented by an attorney present at the taking of the deposition; 3.) the attorney did in fact cross-examine the witness; 4.) the State has made good faith efforts to have the witness testify at trial; and 5.) despite these efforts the witness was not available to testify. *Smith v. State*, 546 P.2d 267 (Okl.Cr.1976).

Since the record indicates that the other elements of this test have been met, the question here is whether the State actually made good faith efforts to obtain the witnesses attendance at appellant's trial. Although the State did initially attempt to subpoena the witnesses to appear at the originally scheduled date of appellant's trial, it ceased in its efforts in reliance of promises by appellant's former counsel that he would not object to the admission of the depositions in lieu of the witnesses testimony. This promise was obtained in return for the State's agreement not to oppose appellant's motion for a continuance. The counsel for appellant who made these promises did not withdraw from appellant's case until the week of appellant's trial. It is obvious to us that the State did make a good faith effort to obtain these witnesses attendance. There is therefore no error in the admission of the depositions into evidence.

Finding no error warranting reversal or modification, judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.